## WILKINSON v. GETTY *et al.*

1. EXECUTION OF POWER. The non-execution of a power cannot be aided by proof of an intention to execute it.
2. SAME. When an attorney in fact, acting under a power of attorney executed by both husband and wife, signed a deed of conveyance as the attorney of the husband only, it was held: 1. That the deed operated to convey only the husband's interest, and did not bar the dower of the wife; 2. That the failure to execute the deed, as the attorney of the wife could not be aided by evidence showing a mistake on the part of the attorney in drawing the deed.

*Appeal from Scott District Court.*

WEDNESDAY, APRIL 16.

ON the 31st of March, 1849, John Getty was the owner in fee of a lot in the city of Davenport. He, on that day, with his wife, Harriet, executed a power of attorney *to* one Collins, empowering him in their name to sell and convey this lot. Collins sold the property to one Ranson, and afterwards, by deed of October 29, 1850, undertook to convey the same to one Price, the assignee of Ranson. This deed was signed thus: " Wm. S. Collins, Attorney in fact for John Getty." Price sold to Pages, under whom complainant claims. · Getty died in 1858, leaving Harriet surviving. This bill is filed, against his heirs and widow, to perfect the title; was sustained as against the heirs, and dismissed as to said Harriet. Complainant appeals.

*Davison & True,* for the appellant, cited 1 Story Eq. Jur., §§ 152–159; *Gillespie* v. *Moore,* 2 John. Ch., 585; *Keiselbrack* v. *Livingston,* 4 Id., 148; *Wiser* v. *Blackley,* 1 Id., 609; 1

Sug. Ven., 182, and note; *Peterson* v. *Grover*, 20 Me., 363; *Ring* v. *Ashworth et al.*, 3 Iowa, 452; *Hunt* v. *Rousmanier*, 8 Wheat., 211; S. C., 1 Pet., 13; *Tilton* v. *Tilton*, 9 N. H., 392; 1 Story Eq., §§ 95, 115, 169, 170 and note, and 171; Sug. on Powers, 366, 372, 374, 361; Fonb. Eq., 40, 201; Pow. on Mort., 161; 1 Am. L. C., 584; *Martin* v. *Flowers*, 8 Leigh., 162; *Webster* v. *Harris*, 16 Ohio, 490; *Chesnut* v. *Francis, Lessee*, Id., 599; *Smith* v. *Handy*, Id., 191; *Baker* v. *Childs*, 2 Verm., 61; *Downey* v. *Hotchkiss*, 2 Day, 225; *McCall* v. *McCall*, 3 Id., 482.

*Thompson and Barner*, for the appellants, relied upon *Carr* v. *Williams et al.*, 10 Ohio, 305; *Connell* v. *Connell*, 6 Id., 358; *Silliman* v. *Cummins*, 13 Id., 116; *Good* v. *Gercher*, 12 Id., 364; *Maddock* v. *Williams*, Id., 386; *McFarland* v. *Fubijer*, 7 Id., 194; *Catlin* v. *Ware*, 9 Mass., 218; *Lufkin* v. *Curtis*, 13 Id., 223; *Powell* v. *Manco*, 3 Mason, 347; *Martin* v. *Develly*, 5 Wend., 9; *Butler & Atwater* v. *Buckingham*, 5 Cow., 492.

WRIGHT, J. This decree must be affirmed. The wife never signed the deed. Nor, (granting that this could avail complainant,) is there any sufficient evidence that she ever intended to, either by her attorney in fact or otherwise. It is not different from the ordinary case, where the husband makes a deed in which the wife does not join. Her dower, in such a case, is not barred by even a superabundance of proof that the grantee believed and expected that she was signing it; that she was willing to sign it at the time, and would have done so, if required; nor by evidence that a full consideration was paid, and possession taken under the deed. In this instance, it is simply a case of the non-execution of a power, and this cannot be aided by proof of an intention to execute it.

It is not a case of mistake, relievable in equity. Respondent was a *feme-covert*, and her dower could only be barred

by her voluntary act or conveyance in the manner provided by statute. And when required to be in writing, the failure cannot be aided by parol evidence that all that the statute required was in fact done. (*O'Ferrall* v. *Simplot,* 4 Iowa, 381, and cases there cited. And see *Pierson* v. *Armstrong,* 1 Id., 282.) And much stronger is the reason of the rule, when she never signed nor acknowledged the deed.

Counsel say that equity will especially grant relief and correct a mistake, when the deed is executed in the name of the attorney, instead of the principal. We know of no such rule, in the form stated. Nor, if correct, could it avail complainant. The author, in 1 Am. Lead. Cas., 585, (referred to by counsel in support of this doctrine,) is treating of cases where equity will aid the defective execution of a power, and refers to instances where deeds are by mistake signed, sealed and delivered in the name of the attorney, instead of the principal. And the rule is broadly stated, that an agreement by an attorney for a principal, inoperative at law for want of a formal execution, in the name of the principal, is binding in equity, if the attorney had authority. But not so, if the agreement was never executed, formally or otherwise, in the name of the principal, nor any person for him. And this is the case before us.

But it is insisted that Collins made to the vendee a bond, executed in the name of the husband and wife, and that equity will enforce this agreement. Of the execution and true character of this bond, there is no sufficient evidence. To obtain relief upon this ground, complainant's proof of the contract should be clear, definite, and unequivocal. The alleged bond is not produced, and the evidence of its terms and contents falls far short of what legal rules require.

Affirmed.