CAROLINE C. BROWN *vs.* WILLIAM A. PHILLIPS *et al.*

Equity will aid the defective execution of a power, but will not aid the nonexecution of a power.

A widow having a life estate in realty, with power to sell so much of the realty as she might think necessary for her comfortable support, gave to W. a deed of all her right, title, and interest in and to the realty, but made no reference in it to her power to sell for her support. After the widow's death a grantee of W. filed a bill in equity to reform the deed to W. so that it might take effect in execution of the power.

*Held,* that the bill could not be sustained.

BILL IN EQUITY to reform a deed. On demurrer to the bill.

*August* 17, 1889. STINESS, J. John Kelton devised his estate to his wife, Sally Kelton, for life, with power to sell so much and such part of the same, from time to time, as she might think necessary for her comfortable support. After his death Sally Kelton made a deed of the estate to Herbert B. Wood, in trust, that he should manage the same, and from the income or proceeds of sale thereof pay the cost and expenses of her care and support; no other reference than by this provision being made to the power under which she might sell. In *Phillips* v. *Wood, ante,* p. 274, this court held that the power was personal and not assignable; that she only had authority to sell what was necessary for her comfortable support, and that she could not transfer the estate, with that discretionary power, to another; consequently the trustee took only what the grantor had the right to convey, outside of the power, which was her life estate. Wood then held the legal title to her life estate, and she had the equitable, beneficial inter-

est therein. After this decision, Mrs. Kelton made another deed to Wood of all her right, title, and interest in and to the estate of her husband ; no reference whatever being made to her power to sell under the will, for her support. In *Phillips* v. *Brown, ante,* p. 279, this court held that this second deed, in the absence of any reference to the power and of anything to show an intention to act under it, operated only to convey the interest she then had in the estate, which was her equitable estate for life. Mrs. Kelton died in August, 1887. The complainant, to whom Wood conveyed a part of the estate, now seeks to have the second deed of Mrs. Kelton to Wood reformed, upon the ground that Mrs. Kelton intended by that deed to convey the estate in execution of the power, and that by mistake the deed was so drawn that it failed to express her true intent. The defendant Phillips, residuary legatee under the will of John Kelton, demurs to the bill. The question, then, is whether the case stated entitles the complainant to relief. It may well be questioned whether, if the deed should be reformed so as to express an intention to convey the property under the power, it would show a compliance with the power. The bill does not set forth a *sale* of the property, to provide for Mrs. Kelton's support, but a simple conveyance " for one dollar and other good and valuable consideration." We may assume that the " other consideration " included an agreement on the part of Wood to provide for Mrs. Kelton's support. But if so, turning over property on such an agreement is a very different thing from selling so much thereof as may be necessary for her support. However, as this point has not been taken nor argued, we pass it by and consider the case as presented. It is well settled, as the complainant claims, that a court of equity will aid the defective execution of a power, but, as stated in the leading case of *Tollet* v. *Tollet,* 2 P. Wms. 489 ; 1 White & Tudor Lead. Cas. Eq. *227, *228, there is a difference between a nonexecution and a defective execution of a power. The " court will not help the nonexecution of a power, since it is against the nature of a power, which is left to the free will and election of a party whether to execute or not ; for which reason equity will not say he shall execute it, or do that for him which he does not think fit to do himself."

In order to sustain an execution of a power, the instrument

must, at least, show an intention or attempt to execute it. This may appear when the instrument would otherwise be inoperative, or when the reference to the subject of the power is such as to manifest the intention ; but the nonexecution of a power cannot be aided by proof of an intention to execute. *Wilkinson* v. *Getty*, 13 Iowa, 157 ; *Garth* v. *Townsend,* L. R. 7 Eq. 220 ; *Foos* v. *Scarf,* 55 Md. 301 ; *Mitchell* v. *Denson,* 29 Ala. 327.

Mrs. Kelton's deed makes no reference to the power, nor to the subject of the power, by description of the estate which she could sell under it, as distinct from her life estate ; nor was the deed inoperative without the aid of the power. Nothing appears in it to show an intent to convey anything beyond her own interest. It is like the will in *Andrews* v. *Emmot.* 2 Bro. C. C. 297, which Lord Alvanley, in *Hales* v. *Margerum,* 3 Ves. Jun. 299, 301, called a leading case upon this point. There, after saying the power need not be recited in express terms, but that the intent must appear by some kind of reference to the power, the court added : " But the testator has not described anything ; all his expressions will refer to his own property." The recent case of *Patterson* v. *Wilson,* 64 Md. 193, gives a careful review of this subject. It was held, as the will in question contained no reference to the power nor to the subject on which the power was to operate, and as it was not denied that the testator had other property, her will would be operative without the aid of the power, and could not be regarded as an execution of the power. See, also, *Bingham's Appeal,* 64 Pa. St. 345; *Lippincott* v. *Stokes,* 6 N. J. Eq. 122. Our conclusion is that, as Mrs. Kelton did not expressly undertake to act under the power, nor manifest an intention or attempt so to do, but made a deed which, by its terms, was operative only upon her own interest in the property, the bill presents a case of nonexecution simply, which the court cannot aid.

The demurrer to the bill must be sustained.

*Charles F. Baldwin,* for complainant.

*Stephen A. Cooke, Jun., & George J. West,* for respondents.