## MITCHELL AND WIFE *vs.* DENSON ET AL.

[BILL IN EQUITY BY DISTRIBUTEES FOR ACCOUNT AND DISTRIBUTION OF PROPERTY BEQUEATHED TO WIDOW FOR LIFE WITH POWER OF DISPOSITION.]

1. *Execution of power of appointment.*—Where a tenant for life, with power of disposition at her death, asserting that she intended the property for her only daughter, consulted a lawyer, to ascertain whether it was necessary for her to make a will in order to dispose of the property, and was advised by him that the property was vested in her absolutely in fee-simple ; and relying on this advice, she made no disposition of the property, as it was alleged she would otherwise have done,—*held*, that these facts did not amount either to an execution of the power of appointment, or to such an attempt to execute it as chancery would aid.

APPEAL from the Chancery Court of Barbour.

Heard before the Hon. WADE KEYES.

THIS bill was filed by the appellees, children and distribu-
tees of Jethro Denson, deceased, seeking an account and
distribution of certain slaves, and other personal property,
which said Jethro had bequeathed to his surviving wife, " to
have and hold during her natural life, and at her death to
dispose of at her will and pleasure"; and which the defendants
claimed as the separate property of Mrs. Mitchell, as the
only child and heir-at-law of said testator's widow, who had
died intestate. At the January term, 1855, on the complain-
ants' appeal to this court, it was held, that the testator's
widow took but a life estate in this property, with power to
dispose of the remainder ; and she having died intestate,
that the property went to the testator's personal representa-
tive, to be by him administered as in cases of intestacy.—See
26 Ala. 360. The cause having been remanded, the defendants
filed an amended answer, alleging that Mrs. Denson, the
tenant for life, was advised that, under the provisions of said
will, the property vested in her absolutely in fee-simple, and
upon her death would descend to her legal heirs ; that this
advice was given to her by an attorney, whom she consulted
to ascertain whether it was necessary for her to make a will
in order to dispose of the property ; that, relying on this
advice, she made no disposition of the property, but left it to
descend to her only child, Mrs. Mitchell ; that she would
have exercised the power of appointment given to her by
the will, and would have given the property to Mrs. Mitchell,
if she had not considered that it would descend to her by
law ; that she asserted, during her life, that she intended the
property for Mrs. Mitchell ; that the property was mostly
acquired by the testator through his said wife, the tenant for
life ; and that the will was written under the instructions of
the testator, who believed and stated that its effect was to
give his wife the absolute title to the property.

The cause having been submitted on bill and answer, the
chancellor rendered a decree in favor of the complainants ;
and his decree is now assigned as error.

JOHN A. ELMORE, for the appellants, cited Irwin v. Farrer,
19 Vesey, 86 ; Carter v. Carter, Mosely, 365 ; 1 Story's
Equity, § 172.

JAMES E. BELSER, *contra.*

WALKER, J.—The only question arising on the record, not settled by the former decision, is, whether the facts stated in the amended answer amount to an execution of the power of appointment, conferred on Mrs. Denson by the 8th clause of her husband's will. The power of appointment thus conferred could not be exercised, without an unequivocal designation of the person who was to take the property after the termination of the life estate. Courts of equity aid the defective execution of powers, but not the non-execution of them. Sugden on Powers (page 392) has the following language : "It is an immutable rule, that a non-execution shall never be aided." It is not sufficient that it was contemplated or intended to exercise the power, and that the party was prevented; as for instance, by death. The same idea is expressed in Story's Equity Jurisprudence, (vol 1, 194, § 171,) as follows : " It is not sufficient that there should be a mere floating and indefinite intention to execute the power, without some steps to give it legal effect. *Some steps must be taken, or some acts done, with this sole and definite intention,* and be such as are properly referable to the power.—Sugden on Powers, 392, 379 ; Fonblanque's Equity, m. p. 322, note *h* ; Coventry v. Coventry, 2 P. Williams, 222 to 233.

In the case cited from 19 Vesey, by the counsel for the appellant, there was an unequivocal act in writing, in the shape of a bill in chancery, asserting a claim to the benefit of the appointment, and showing that the appointor regarded the appointment as made in his own favor—Irwin v. Farrer, 19 Vesey, 86. There is this difference between that case and this : here there is no act done with the intention of making the appointment to Mrs. Mitchell. She who held the appointing power did nothing more than to express an intention, which she might at any time retract, to give the property to her daughter, and consulted a lawyer as to whether it was necessary to make a will in order to dispose of the property. There is no act done with the intention to execute, and " properly referable to," the power.

According to the authorities cited, it is clear that the facts

set forth in the amended answer do not amount either to an execution of the power, or an attempt to execute it, which, though defective, will be aided.

The decree of the court below is affirmed, at the costs of appellants.

RICE, C. J., not sitting.