CITY SAVINGS BANK & TRUST CO. OF VICKSBURG *v.* CORTRIGHT.

[In Banc. No. 20894.]

1. WILLS. *Reversion after contingent remainder is in testator's heirs until contingency happens.*

When a remainder devised in fee is limited in contingency, the reversion remains in the heirs of the testator until the happening of the event designated in the will for taking it out of them.

2. WILLS. *Heirs holding title to reversion must be determined as of date of testator's death.*

The heirs of a testator in whom the reversion remains pending the happening of an event designated in the will for taking it

out of them must be determined as of the date of the testator's death, and not as of the date on which the happening of the event so designated becomes impossible.

3. LIFE ESTATES. *Destruction of contingent remainder does not affect preceding life estate.*

The destruction of a contingent remainder following a life estate in no wise affects such life estate.

4. ESTATES. *When "merger" of estates takes place stated.*

A "merger" generally takes place when two estates, either related inter se as derivative and original, or else being both derived out of the same original, and both being held in the same right, meet together in the same position; the posterior estate (1) being greater, or, at least, not less, in quantum than the prior estate, and (2) following immediately after it in the order of succession, without the intervention of any intermediate vested estate.

5. ESTATES. *Rule of merger not applied in equity when extinguishment of lesser estate will work injustice.*

The rule governing the merger of estates is not inflexible in, and will not be applied by, a court of equity when the extinguishment of the lesser estate will work an injustice to the owner thereof, or to another person interested in its preservation.

6. REMAINDERS. *Merger of contingent remainder and life estate in holder of fee prevented by statute.*

Section 2774, Code of 1906 (Hemingway's Code, section 2278, prevents the destruction of a contingent remainder by the meeting in the same person of the fee with the particular estate on which the contingent remainder may depend.

ETHRIDGE, J., dissenting.

Appeal from chancery court of Sharkey county.

HON. E. N. THOMAS, Chancellor.

Proceedings by George C. Cortright, administrator, to construe the will of D. C. Casey, deceased. From a decree construing the will, the City Savings Bank & Trust Company of Vicksburg and another appeal.

*John, Brunini & Hirsch,* for appellant.

Upon what theory or upon what authority the honorable lower court based its decree that the whole of the

will that is, that part which created the particular estates and that part which created the contingent remainder, are to be treated as "null and void and of no effect" we are at a loss to understand. Probably there was a confusion in the mind of the court, growing out of the fact that a destruction of the particular estate causes the fall of the remainder.

The failure of the contingent remainder leaves that portion of the estate undisposed of. Certainly it will not be contended that the testator could not dispose of a part of the estate and leave a part undisposed of. "An estate in reversion is the residue of an estate left in the grantor, to commence in possession after the determination of some particular estate granted out by him. It is a present vested estate, although to take effect in possession and profit *in futuro,* and necessarily assumes that the original owner has not parted with his whole estate or interest in the land.

"A reversion is never created by deed or writing but arises by construction and operation of law, and occurs wherever a grantor has conveyed less than his whole interest or estate." 16 Cyc. 661.

If the contingent remainder fails and there is no further disposition made by the testator, there is a reversion to his heirs.

Even "in case of an invalid limitation over, the precedent estate will stand unaffected by the void limitation, the estate becoming vested in the first taker, according to the terms on which it was devised or granted. Invalidity of a contingent remainder does not affect the precedent estate granted." 18 C. J. 313.

"A contingent remainder fails where it cannot take effect on the termination of a life estate." 40 Cyc. 1682. So we affirm in confidence that the particular life estate created by the will of Mr. D. C. Casey, the testator, stands unaffected by the failure of the contingent

remainder, and these life estates must be spent before the heirs of the testator can go into the possession of their several revisionary interests.

Who are the heirs of the testator? From a careful perusal of the authorities, it is our humble opinion that the heirs of the testator were his widow, Mrs. Cornelia Elizabeth Casey, and his daughter, Mrs. Laura Cornelia Womack Cortright. "Where a remainder of inheritance is limited in contingency by way of use devise, or grant, the inheritance in the meantime, if not otherwise disposed of, remain in the grantor or his heirs, or in the heirs of the testator until the contingency happens to take it out of them." 24 Ency. 409.

Where a remainder of inheritance is limited in contingency by way of use or devise or grant, the inheritance pending the contingency, if not otherwise disposed of, remains in the grantor or his heirs in the devisor's heirs until the contingency happens to take it out of them." 2 Minor's Institutes, 411.

"It was further held that when the testator creates a life estate and then disposes of a fee by a contingent remainder which fails, the fee goes as interstate property to the heirs at law, not to those who are the heirs at law at the time of the death of the life tenant, but to those who are heirs at the time of the death of the testator. *Peterson* v. *Jackson,* 63 N. E. (Ill.) 643-646.

"While the remainder is contingent, the reversion in fee is in the heirs at law of the testator, dependent upon the life tenant dying without having had issue, and in case of default of heirs of the body, the estate in remander will revert to the heirs at law." *Lewis* v. *Bell,* 120 N. E. (Ill.) 633-34. To the same effect is *Blakeley* v. *Mansfield,* 113 N. E. (Ill.) 38-40; and *McCarty* v. *McCarty,* 119 N. E. (Ill.) 899.

The summary. To summarize, in our humble opinion, it is clear that Mrs. Cornelia Elizabeth Casey, the widow of testator, has an undivided one-third interest

in the estate of her husband's estate, real, personal and mixed, for her life; granddaughter, Charlotte Caroline Womack has an undivided one-third interest plus a one-sixth interest therein for her life, and the grandson, George Caldwell Cortright, has an undivided one-sixth interest therein for his life. This is the present status of the life estate constituting the particular estate.

On the failure of the contingent remainder, the reversionary estate remains in the heirs of the testator, to-wit: Mrs. Cornelia Elizabeth and her daughter, Mrs. Laura Cornelia Womack Cortright, and on the death of the latter, her one-third interest in the reversionary estate passed by descent to her husband, George C. Cortright, and her two minor children, Charlotte Caroline Womack and George Caldwell Cortright.

For the reasons advanced we humbly submit that the decree of the honorable lower court should be reversed and an order entered here correctly construing the will in accordance with the foregoing statement of ownerships in the life estate and in the reversionary.

*Clements & Wright,* for appellee.

Appellants contend that notwithstanding the fact that by reason of the nullification of Item V of this will, the fee in this land vested in Mrs. Casey, appellant, and appellee, the latter three by reason of inheritance from the wife and mother and that notwithstanding they now own the fee in the property that they may still hold and enjoy the life estate as provided in the other items of the will of Mr. Casey.

As against this contention our position is that the fee and the life estate having met in the same party, that the two cannot separately exist in the same party at the same time, that therefore the less or life estate is annihiliated by the greater estate and is merged into the fee and is therefore extinguished.

If this contention is true then we maintain that the learned lower court was correct in holding that the will was upset *as* stated in its decree.

The rule of merger of estates is stated as follows. "Whenever a greater estate and a less coincide and meet in one and the same person without any intermediate estate the less is immediately annihilated; or in the law phrase it is said to be merged, that is, sunk or drowned in the greater. The merger is produced either from the meeting of an estate of higher degree with an estate of inferior degree or from a meeting of a particular estate and the immediate reversion in the same person." 16 Cyc., page 665 and note.

It is laid down in the text books that, "if the life estate is conveyed to one having a reversion or any other greater estate or the tenant acquires the reversion, the life estate is merged in the latter." See part one, chapter 5, section 63, Tiedeman on Real Property. See, also, Washburn on Real Property, 116-117.

Speaking along this same line and on this question the supreme court of Kentucky says: "There would be an absolute incompatibility in one person filling at the same time the character of tenant and reversioner in one and the same estate. *Fox* v. *Long*, 8 Bush, (Kentucky) 551, 555. In this opinion the above language is taken and quoted from Fourth Kent's Commentaries, (99). In speaking of the greater and less estate the court of South Carolina defines it to mean quality and not quantity; that is, that an estate in fee is larger or greater than an estate for life. *Boyken* v. *Ancrum*, 28 S. C. 486.

We find the following laid down as a condition essential to merger: "In order that there may be a merger it is essential that there should be at least two distinct estates and that these be without any intervening estate." 16 Cyc. 667.

This rule applies to this case for there are two distinct estates which have met and merged in the appellants in this case, to-wit: The life estate and the fee, for there is no intervening estate, because of the failure, upon the happening of the condition mentioned therein of Item V of Mr. Casey's will; therefore we contend that the life estate claimed so strenuously by appellants has been merged into the fee inherited by them through their mother Mrs. Cortright and that therefore by reason of the failure of the said will Mrs. Casey the widow of Mr. D. C. Casey, the two appellants, and Mr. George C. Cortright, now own in fee discharged of the life estate the entire property of Mr. D. C. Casey and respectfully submit that the decree of the lower court is correct and should be affirmed.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a decree construing a will at the request of the administrator of, the estate of one of the devisees therein. The will of D. C. Casey, who died in May, 1914, is in part as follows:

"Item II. I give and bequeath a life estate in and to all of my property, both real and personal wherever situated, to my beloved wife, Cornelia Elizabeth Casey, and my adopted daughter, Laura Cornelia Womack, and Charlotte Caroline, daughter of the said Laura Cornelia Womack, share and share alike.

"Item III. At the death of my said wife, Cornelia Elizabeth, and my said adopted daughter, Laura Cornelia Womack, the said Charlotte Caroline Womack is to take a life estate in the whole of my estate, both real and personal, wheresoever situated, should she be then alive. It is my intention that at the death of either my said wife or adopted daughter, the said Charlotte Caroline Womack is to take a life estate in the share of the deceased, either or both whichever it may be, unless

6-122 Miss.

the said Laura Cornelia should marry again and have children, if so, then such children of the said Laura Cornelia Womack to share and share a life estate with Charlotte Caroline Womack in the estate aforesaid.

"Item IV. Should the said Charlotte Caroline Womack die without issue before my said wife, Cornelia Elizabeth, and my said adopted daughter, or either of them, the survivor of her, the said Charlotte Caroline Womack, is to take a life estate, if both, then share and share alike.

"Item V. Should the said Charlotte Caroline survive my said wife, and daughter, and my said daughter should have no other living children at her death, then as aforesaid the said Charlotte Caroline is to take a life estate in the whole of my property, real and personal, remainder to heirs of her body, if any, in fee simple; should she die without issue, after surviving my said wife and adopted daughter, then remainder over to my right heirs in fee simple."

Laura Cornelia Womack who had been regularly adopted by Casey, and given the right to inherit property from him, married the appellee, George C. Cortright, and died in December, 1918, leaving surviving her as her sole heirs at law the appellee George C. Cortright, Sr., her daughter Charlotte Caroline Womack, and a son George C. Cortright, Jr., born of her marriage with the appellee. Mrs. Casey is still living. The appellee was appointed administrator of the estate of his deceased wife Laura Cornelia, and a part of the property thereby coming into his hands being a portion of that received by her under the will of her father, D. C. Casey, he exhibited his bill of complaint against Charlotte Caroline Womack and George C. Cortright, Jr., the city Savings Bank & Trust Company, their guardian, and Mrs. Cornelia Elizabeth Casey, praying that the will of D. C. Casey, deceased, be construed, and he be directed how to dispose of the property received by

Laura Cornelia under the will, and which has come into his hands as her administrator. No objection by demurrer or otherwise was interposed to this bill by the defendants therein, all of whom were duly summoned, and all of whom, except Mrs. Casey, answered the bill, practically admitting its allegations, and joining in the request for a construction of the will. The City Savings Bank & Trust Company, George C. Cortright, Jr., and Charlotte Caroline Womack, being dissatisfied with the decree rendered in the court below, appealed to this court.

The remainder in fee devised by Item V of the will being limited in contingency, the reversion remained in the heirs of the testator pending the happening of the event designated in the will for taking it out of them, and since the happening, that event has become impossible because of the death of Laura Cornelia leaving a son surviving her, the reversion cannot now be taken out of the heirs of the testator and their right thereto has become absolute. The heirs of the testator at the time of his death, at which period they must be ascertained, were his widow, Cornelia Elizabeth, and his adopted daughter, Laura Cornelia. On the death of Laura Cornelia, her interest in the reversion descended to her husband and two children, George C. Cortright, Jr., and Charlotte Caroline Womack so that the reversion, which is an estate in fee, is now owned one-half by Cornelia Elizabeth Casey, the testator's widow, and one-half in equal parts, or one-sixth each, by George C. Cortright, Sr., the husband of Laura Cornelia, and by George C. Cortright, Jr., and Charlotte Caroline, and her two children.

The destruction of the contingent remainder devised by Item V of the will does not affect the precedent life estates devised to the testator's wife, adopted daughter, and her children, unless, as contended by counsel for the appellee, they have become merged into the estate

in fee because of the union in the same persons of the life estates and the fee.

A "merger generally takes place when two estates, either related *inter se* as derivative and original, or else being both derived out of the same original, and both being held in the same right, meet together in the same person; the posterior estate (1) being greater, or, at least, not less, in *quantum* than the prior estate; and (2) following immediately after it in the order of succession, without the intervention of any intermediate (vested) estate." Challis' Real Property (3d Ed.), 86.

This rule is not inflexible in, and will not be applied by, a court of equity when the extinguishment of the lessor estate will work an injustice to the owner thereof, or to another person interested in its preservation. *Moore* v. *Luce,* 29 Pa. 260, 70 Am. Dec. 629; Burdick on Real Property, 91; 16 Cyc. 665; 20 Amer. & Eng. Enc. of Law (2d Ed.), 590.

Applying this rule to the case at bar, no merger of the life estates of Mrs. Casey and Laura Cornelia into their interest in the reversion has taken place, for the reason that their life estates were not ·followed immediately by the reversion, but are separated therefrom by another intervening life estate.

The life estate of Mrs. Casey is separated from the reversion. by the life estates devised by Item III of the will on her death to Charlotte Caroline and any other child Laura Cornelia might leave surviving her, and the life estate of Charlotte is separated from the reversion by the life estate devised on her death without issue to Mrs. Casey.

It is true that the devise of the life estate to Mrs. Casey on the death of Charlotte Caroline without issue is of a contingent and not a vested estate; nevertheless its destruction by the merger of the life estate of Charlotte Caroline into her interest in the fee is prevented

by the last clause of section 2774, Code of 1906, section 2278, Hemingway's Code, which provides:

"Nor shall the alienation of any particular estate on which a remainder may depend, whether such alienation be by will or other writing, nor the union of such particular estate with the inheritance, by purchase or by descent, so operate, by merger or otherwise, as to defeat, impair, or any way affect such remainder.'"

The life estate of George C. Cortright, Jr., in one-sixth of the property devised, although followed immediately by his one-sixth interest in the reversion, has become merged therein, unless its destruction which would be occasioned thereby would work an injustice to the parties hereto, and we do not understand them to contend that any such result would follow the merger of the two estates.

The only interest which the appellee, George C. Cortright, Sr., has in the property, is the one-sixth interest in the reversion inherited by him from his wife.

It is alleged in the answer that Mrs. Casey has conveyed a portion of her interest in the reversion to Charlotte Caroline and George C. Cortright, Jr. If this is true, Mrs. Casey's interest in the reversion will be decreased and the interest therein of the grantee in this deed will be increased to the extent of the interest thereby conveyed.

It follows from the foregoing views that the right to the present enjoyment of that portion of the testator's property devised to Laura Cornelia for life is in George C. Cortright, Jr., and Charlotte Caroline Womack.

The decree of the court below, not being in accord herewith, will be reversed, and the cause remanded.

*Reversed and remanded.*

ETHRIDGE, J., dissents.