JONES *et al v.* CAREY.

[84 South. 186. In Banc. No. 20980.]

1. WILLS. *To vest the fee, a will must contain sufficient language and a sufficient intent to dispose of it.*

In order for a will to be effective in vesting the fee, it must contain sufficient language, and a sufficient purpose obtainable from its language, to dispose of the fee, or else the heirs of the testator will take the fee by inheritance, and not by the will.

2. WILLS. *Courts will not by construction add to the terms of the will.*

While the court will give effect to an instrument disposing of an estate, where such instrument manifests the intention to dispose of all his property, yet it cannot reform a will, so as to give it validity, and cannot by construction write into wills provisions which the maker may be supposed to have attempted to make, but not evidenced by the terms of the instrument.

3. WILLS. *Wills construed not to devise the fee to testator's grandchildren or to grant a life estate to his two daughters.*

A will directing that out of rents of land each of testator's two daughters be paid annually two hundred dollars, and in the event of sickness an additional one hundred dollars, and that if either or both resided on the place they should divide the land to be worked by each, and pay rent over and above two hundred dollars set aside for them, and that on death of either

daughter without issue the other or her heirs should inherit the interest and have the two hundred dollars added to her annual income, did not devise a fee to testator's grandchildren, or a life estate in the daughters.

APPEAL from the circuit court of Yazoo county.
HON. W. H. POTTER, Judge.
Ejectment by Jennie M. Jones and others against J. A. Carey. Trial without a jury, and judgment for defendant, and plaintiffs appeal. Affirmed.

*Robt. B. Mayes, Clayton D. Potter, Campbell & Campbell* and *Allen Bridgforth,* for appellant.

*J. F. Barbour, Wm. A. Henry* and *Robt. H. Thompson,* for appellee.

ETHRIDGE, J., delivered the opinion of the court.

The appellants filed an ejectment suit against the appellee for certain lands, and the case was tried before the circuit judge without a jury, who found in favor of the defendant, from which judgment this cause was appealed here.

The plaintiffs, appellants here, relied upon the will of one A. L. Street, who died in 1892, leaving two daughters, Minnie May Street, afterwards Mrs. Jones, and Bessie Gray Street, afterwards Mrs. Penick. Mrs. Minnie May Jones in her lifetime deeded the property in suit to the appellee. The alleged will is in the following language:

"This my last will and testament made this twenty-sixth day of June, 1890, being of sound mind do make and bequeath all my property as follows: That none of my land shall be sold, but rented for the best interest of all concerned, and out of the rents of said land my children, Minnie May Street and Bessie Gray Street,

shall each, be paid annually two, hundred dollars each, but should necessity require it by sickness or misfortune to either such one shall be allowed one hundred dollars in addition, to pay such additional expens:s as may be required. And should either or both of the above children desire to reside on the place they shall agree upon terms of division of the land to be worked by each with themselves or division by arbitrators chosen by each, three or more, and they shall pay rent as any other tenant over and above the two hundred dollars set aside for each one's share annually as above stated. And the surplus of said rent shall be paid over to Mrs. Sarah J. McCorkle whom I hereby appoint my sole executrix, and she is empowered to appoint her successor, and the said executrix shall deposit all rents or other moneys coming into her hands for my estate with I. N. Gilruth in Yazoo City subject to her order, as executrix. And she shall keep said place in good repair, and all expenses necessary for such shall be paid for out of any moneys on hand. And I further bequeath that should either of the above children die without issue the other child or her heirs shall inherit the entire interest of the deceased one, and have the two hundred dollars, annually, added to her annual income and for her use and her heirs. And should both die without issue, the whole estate shall go to Mrs. Sarah J. McCorkle and her heirs share and share alike.''

It is the contention of the appellants that they took as purchasers under the will, or writing, above set out, while it is the contention of the appellee that the will does not dispose of the fee, but that the two daughters of Street took the fee by inheritance. A critical examination of the instrument shows that the only language in this instrument by which any interest in the land is expressly devised is the following:

''And I further bequeath that should either of the above children die without issue the other child or her

heirs shall inherit the entire interest of the deceased one, and have the two hundred dollars, annually, added to her annual income and for her use and her heirs. And should both die without issue, the whole estate shall go to Mrs. Sarah J. McCorkle and her heirs share and share alike.''

In the agreed statement of facts in the record it is admitted that both Mrs. Jones and Mrs. Penick left children living at their respective deaths; therefore the provision just referred to never came into operation, because the contingency never happened. The alleged will does not, in terms, convey a life estate to any person, and does not convey the fee to any person, except on the happening of a condition which failed to happen at all.

It cannot be said that there was a life estate in either of the daughters, for they were expressly given an annuity of two hundred dollars per annum, with a provision that this annuity should be increased under certain conditions mentioned in the alleged will, and that they should have the option or privilege of living upon and renting the land. It cannot be said that a life estate was vested in Mrs. McCorkle, for she was the executor charged with renting the land, and had no kind of interest or use in the land save as executor, and the executorship was intended to extend beyond her life, for she was given power to appoint her successor. The provision in the will ''that none of my land shall be sold, but rented for the best interest of all concerned,'' does not carry an idea of limitation as to time, and could not be construed as being a limitation only for the life of one or more persons.

In order for a will to be effective in vesting the fee, it must contain sufficient language, and a sufficient purpose obtainable from its language, to dispose of the fee, or else the heirs of the testator will take the fee by in

heritance, and not by the will. While the courts will give effect to an instrument disposing of an estate where it has manifested the intention of the maker to dispose of all his property, still the court cannot reform an invalid attempt to make a will so as to give validity to it, and cannot, by construction or amplification, write into a will provisions which the maker may be supposed to have attempted to write into it.

We think the instrument before us is wholly insufficient to devise the fee from the maker into the grandchildren, and that it is insufficient to create a life estate for the two daughters. Appellants rely strongly upon *Ball* v. *Phelan,* 94 Miss. 316, 49 So. 956, 23 L. R. A. (N. S.) 895, but in that case the life estates were created in express terms in the clearest manner, and it was perfectly manifest that the testator did not intend to vest the fee in the life tenants, but did intend to vest it in the remaindermen, and it is easily distinguishable from the present case.

It would serve no useful purpose to comment upon rules of construction as to wills, because the law upon that subject has been announced over and over. ( think the court below was correct in its decision, and the judgment will be affirmed.

*Affirmed.*

STEVENS, J., dissents.