## HAMMETT et al v. MARKHAM.

[90 South.  848, No. 21738.]

1. POWERS. *Equity courts will never aid the nonexecution of defective powers.*
   While courts of equity will aid the defective execution of powers, they will never aid the nonexecution of them.

2. POWERS. *Where one has both an estate in and a power over property, his acts will be presumed as owner, but may be referred to his power, to give them full effect.*
   Where one has both an estate in and a power over property, and does an act which may be referred either to the execution of the power or the exercise of his right as owner, it will be presumed that the act is done by reason of his ownership; but if a conveyance is made, which cannot have full effect except by referring to an execution of the power, though some estate would pass by reason of his ownership, yet because the conveyance can only have full effect by referring it to the power, this will be done.

3. WILLS. *Provision for sale held not mandatory, but discretionary with executrix on the happening of a specified event.*
   Where a will devises to three daughters the use nad enjoyment during their lives, share and share alike, of the rents, issues, and profits of a plantation, and upon the death of any of these daughters the girl children of the decedent to be vested with an absolute title to one-third interest in the property, and further appoints one of the three daughters as executrix, with power to sell the plantation upon the death of either of her sisters, the provision for sale is not mandatory, but discretionary with the executrix upon the happening of the event.

4. POWERS. *Where executrix fails to exercise power of sale, and land is partitioned, and executrix individually sells her portion, neither the partition nor sale is in execution of the power.*
   When the executrix fails to exercise the power of sale, and the land is partited among the sisters under a decree of the chancery court, and when the daughter who is executrix individually sells the portion allotted to her, neither the partition proceeding nor the sale by this daughter is an execution of the power of sale conferred by the will.

5. WILLS. *Where item gives executrix power of sale on the happening of an event, and provides for disposition of proceeds, and the power is never exercised, such item never becomes operative.*

When an item of a will gives the executrix the power of sale upon the happening of an event, and further provides for a disposition of the proceeds of the sale of the property, but the power of sale is never exercised, then this item of the will never becomes operative.

6. WILLS. *Heirs entitled to reversion are to be determined as of date of testator's death.*

The heirs of a testator in whom the reversion remain are to be determined as of the date of the testator's death.

APPEAL from chancery court of Warren county.

HON. E. N. THOMAS, Chancellor.

Bill by Mrs. Anna C. B. Markham against Mrs. Helen Hammett and others. Decree for plaintiff, and defendants appeal. Decree reversed, and bill dismissed.

*Brunini & Hirsch,* for appellant.

The first question propounded by the court is as follows: "The court desires to know whether or not item 4 of the will of Mrs. Evelyn Lightcap, which conferred upon the executrix the power of sale upon the death of either Florence or Helen, was ever exercised by a sale of the plantation?" The power of sale was never exercised.

The second proposition is as follows: "If this power of sale was not exercised by the executrix according to item 4 of the will, should the court construe the provisions of this item for a division of the proceeds as therein provided, or construe item 4 as merely an unexercised power which never became operative?" It is our opinion that as far as the interests of appellants are concerned, it does not matter whether item 4 be construed the one way or the other. It in no way changed the disposition as made in items or paragraphs 1 and 2. Those items 1 and 2 vested the Magnolia Hall property, the subject of this controversy, in Mrs. Lightcap's three daughters for their lives, share and

share alike, and at their respective deaths, in the female children of each. That is as plain as the noonday sun.

Item 4 vests the executrix with the power of sale. It does not undertake to modify in the slightest, the disposition made of the property by items 1 and 2 of the will. This power of sale was not to be exercised by the executrix until the death of either Florence or Helen. In that event the Magnolia Hall property was to be sold at public or private sale. Out of the proceeds the executrix was to pay over to the children of the deceased daughter, that is, Florence or Helen, one-third thereof, the remaining two-thirds to be held by the executrix, to be invested for the remaining daughters. Then, on the death of either of the remaining or surviving daughters, whether it should happen to be the executrix or the other surviving daughter, it made no difference, the proceeds were to be then finally and absolutely divided. In other words, the two-thirds remaining were to be separated.

Suppose, as a matter of fact, the executrix, Mrs. Roe, after the death of Mrs. Denio, had died, and Mrs. Hammett had survived her. Could it have been successfully argued that Mrs. Hammett would have taken one-third of the entire proceeds absolutely, without any claim thereto of her female children?

It will be observed, by the final sentence in the 4th item or paragraph, that the testatrix had in mind that either of the survivors might die. There is absolutely nothing in item or paragraph 4 which would indicate that the testatrix had in her mind the changing of the disposition made in items 1 and 2 of her last will and testament. She was simply providing for a method of handling the proceeds, in the event of a sale.

There is absolutely not the remotest evidence in item or paragraph 4 which would tend to indicate that the testatrix was providing therein for a change of that disposition to the female children of her daughters, so clearly made in items or paragraphs 1 and 2, but item or paragraph 4 was simply a method of disposing of the proceeds

in accordance with items or paragraphs 1 and 2, in the event of the exercise of the power of sale.

If it be contended that by item or paragraph 4, Mrs. Roe took an absolute title, free from the disposition made by items 1 and 2 of the will, then even though she would have had female children, she would have taken to the exclusion of those female children. To state such a proposition to us is to answer it. As a matter of fact, Mrs. Denio died, leaving female children, and those children acquired, under items 1 and 2, the one-third interest in which their mother had a life estate.

Suppose Mrs. Roe had died, leaving girl children, and Mrs. Hammett was the last surviving of the three sisters. In that event isn't it inescapable that the successor of the executrix would have held the one-third Hammett interest in trust for the daughter or daughters of Mrs. Hammett?

Just as we argued in our original brief, there is not a single provision, nor is there the slightest room for an argument, that the testatrix intended, either expressly or by implication, to cut out the female children of any one of her daughters. If Mrs. Roe had had female children, those female children on the death of Mrs. Roe would certainly have taken the one-third interest in the property, in which their mother had a life interest.

We submit that the reversionary interest of the Alice Roe share, as she did not have female children, remains undisposed of, by the last will and testament of Mrs. Lightcap, and therefore passes generally to the heirs of Mrs. Lightcap. Of course, the Denio interests have been acquired by the appellee.

*T. C. Catchings* and *J. B. Dabney,* for appellee.

We agree with counsel for appellants, that the power of sale upon the death of Florence or Helen, which was conferred upon the executrix by item 4 of Mrs. Lightcap's will, was never exercised, as the parties elected to divide the property in kind rather than have it sold and the pro-

ceeds divided. We think the effect the same, however, and it might be considered that the sale was made and the funds reinvested in purchasing back this very land.

This being our answer to the first question propounded by the court, we answer the second by saying, that we think the court should construe this item for a division of the proceeds as herein provided, and in so doing, should regard the land itself as the proceeds of its sale.

We cannot agree with counsel for appellants that by the second item of the will Mrs. Lightcap devised the absolute title to one-third of the property to the female children of her daughters. She had, by the first item, given to her three daughters, in equal shares, a life interest in the income from the property. Item 2 simply means, we think, that this interest in the proceeds, shall go, at the death of any one of the daughters, to the girl children of such decedent. Not that this shall be an undivided one-third interest in the land itself, but in the proceeds of a sale of the land, according to the latter provision of the will. The words property and proceeds are used interchangeably throughout the will, and in the mind of the testatrix seems to mean the same thing. In item 4 she authorizes the sale of the real estate and directs that the proceeds be applied one-third to go absolutely to the female children or child of my said deceased child, the remaining two-thirds to be held in investment by my said executrix, and the property to be divided between her and her remaining sister. And at the death of either of the survivors, the said proceeds to be finally and absolutely divided, etc.

Under any other construction of the will it would be necessary to ignore item 2 for it would be inconsistent with the provisions following. Under this view, however, effect can be given to the whole will. Now, the proceeds of the sale were not to be turned over to the survivor, as between Helen and Florence, but were to be held by the executrix in investment, and only the income paid over to her sister and herself, and the final disposition of such proceeds was

to be had only upon the death of the survivor (as between Florence and Helen) according to our construction.

Undoubtedly, the Denio girl children were entitled absolutely to one-third of the proceeds of the sale of the plantation, their mother having died, and as the plantation has taken the place of the proceeds, they were entitled absolutely to one-third of same and had the right to bring the partition suit. Miss Eva Hammett, however, was not a proper party to the suit at all, under the appellant's construction of the will, for no interest had vested in her, nor would any vest under their contention, until the death of her mother, Miss Eva's interest being entirely contingent upon her surviving her mother. So when she came in and prayed to be admitted a party complainant and alleged that she was the owner of the remainder in her mother's one-third interest, she thereby admitted our construction of the will, and admitted, at the same time that Mrs. Roe's interest in the fee vested upon the death of Mrs. Lightcap. As stated in our former brief, these titles must stand or fall together at this stage of the proceedings, as both Mrs. Hammett and Mrs. Roe are still living, and no one can say which will survive the other. If Miss Eva's title in the remainder has vested, so has Mrs. Roe's. If it has not vested, then it could be defeated by her death before that of her mother, and her heirs would take nothing.

SYKES, P. J., delivered the opinion of the court.

The appellee, Mrs. Markham, by her bill seeks to cancel as a cloud upon her title the claim of the appellants to certain lands in Warren county. In this proceeding we are called upon to construe the will of Mrs. Evelyn Lightcap, who died in 1878. The will is short and reads as follows:

"I make and publish this my last will and testament the same being wholly written by myself.

"(1) I will and desire that my three daughters, Florence, Helen and Alice shall have the use and enjoyment

during their lives, share and share alike, of the rents, issues and profits of my Magnolia Hall property, my town property having been disposed of by deed.

"(2) Upon the death of any of said children the girl children of said decedent to be vested with absolute title to one-third interest in said property.

"(3) I hereby name my daughter Alice as the executrix of this my will and desire that no bond shall be required of her by any court for the discharge of this trust.

"(4) Upon the happening of the death of either of my said children Florence or Helen, I hereby vest my said executrix with full power and authority to sell said real estate at public or private sale; the proceeds to be applied one-third to go absolutely to the female children or child of my said deceased child the remaining two-thirds to be held in investment by my said executrix, and the property to be divided between her and her remaining sister. And at the death of either of the survivors the said proceeds to be finally and absolutely divided between the executrix and the females of the other of my deceased child."

Mrs. Lightcap's three daughters, Florence, Helen, and Alice, survived her. Both Florence and Helen had girl children. Alice has never had any girl children, and has a boy. It is agreed that she will have no girl children, though she is still alive. After the death of Florence her daughters filed a bill to partite the real estate. In that proceeding the land was partited, a portion in fee simple was allotted to the children of Florence, and a portion to Helen (the appellant Mrs. Hammett) for life, remainder in fee to her daughter, and a portion to Alice; but the court expressly declined to say whether Alice only owned a life interest in or a fee simple to her portion. Possession was taken by these parties to their respective shares of the property. The appellee by conveyances has acquired the title of Florence and Alice. Alice and her son for valuable consideration conveyed by special warranty deed the land allotted to Alice in the partition suit to the husband of

appellee, who conveyed it to appellee. Alice and Helen are still alive.

It is the contention of the appellee that item 4 of this will vested in Alice, the executrix, a fee simple title to one-third of this property, upon the death of either of her sisters, and that therefore the appellee has a fee-simple title to the interest of Alice and Florence which she has purchased. The learned chancellor so held, and granted the relief prayed for.

It is the contention of the appellant that Alice was either vested with a life estate, or given the rents, issues, and profits of one-third of the estate during her life, with remainder in fee to her female children, and that, since she had no female children, the fee to her one-third is undisposed of under the will, and goes to the heirs at law of Mrs. Lightcap under our statute of descent and distribution, and that appellants are such heirs, and therefore have an undivided one-third reversionary interest in fee in the property allotted to Alice.

It will be noted that item 4 of the will vests in Alice, the executrix, the power of sale of this property upon the death of either of her sisters, but that by this item she is not ordered or required to do so, but is merely vested with a discretionary power of sale. This power was never exercised. While courts of equity will aid the defective execution of powers, they will never aid the nonexecution of them. "It is an immutable rule that a nonexecution shall never be aided." Sugden on Powers, 392; 1 Story's Equity Jurisprudence, 194, section 171; *Mitchell* v. *Denson,* 29 Ala. 327, 65 Am. Dec. 403.

Neither can the partition proceeding, nor the special warranty deed of Alice to the property allotted to her thereunder, be treated as an attempt to execute this power of sale. It is perfectly apparent that in neither instance was she attempting to do so. In her special warranty deed she was merely attempting to convey her individual interest, devised under the will and allotted to her in the partition suit. The power of sale given her under the will to sell the

entire place was not exercised by her; on the contrary, she permitted a division in kind of the property and was individually allotted her share in this property. By this partition proceeding she permitted the power of sale given her under the will to be annulled, and took her individual estate.

"The rule is that, where one has both an estate in and a power over property, and does an act which may be referred either to the execution of the power or the exercise of his rights as owner, it will be presumed that the act is done by reason of his ownership; but if a conveyance is made, which cannot have full effect except by referring it to an execution of the power, though some estate would pass by reason of his ownership, yet because the conveyance can only have full effect by referring it to the power, this will be done." *Baird* v. *Boucher,* 60 Miss. 326; *Mitchell* v. *Denson, supra.*

The rule upon this question is thus stated in the case of *Lee.* v. *Simpson,* 134 U. S. 589, 10 Sup. Ct. 637, 33 L. Ed. 1046:

"The question of the execution of a power is very fully discussed by Mr. Justice STORY in *Blagge* v. *Miles,* 1 Story, 426. The rule laid down in that case is that if the donee of the power intends to execute it, and the mode be in other respects unexceptionable, that intention, however manifested, whether directly or indirectly, positively or by just implication, will make the execution valid and operative; that the intention to execute the power must be apparent and clear, so that the transaction is not fairly susceptible of any other interpretation, but if it be doubtful, under all circumstances, then that doubt will prevent it from being deemed an execution of power; and that it is not necessary, however, that the intention to execute the power should appear by express terms or recitals in the instrument, but it is sufficient that it appears by words, acts or deeds demonstrating the intention. Judge STORY states, as the result of the English authorities, that three classes of cases have been held to be sufficient demonstrations of

an intended execution of a power: (1) Where there has been some reference in the will, or other instrument, to the power; (2) or a reference to the property, which is the subject on which it is to be executed; (3) or where the provision in the will or other instrument, executed by the donee of the power, would otherwise be ineffectual, or a mere nullity; in other words, it would have no operation, except as an execution of the power."

The deed of Alice was not executed in accordance with the power of sale. Since the power of sale was never executed in accordance with item 4 of the will, it is unnecessary for us to say what effect a sale of this property under this item would have had upon the title to the proceeds of sale. We therefore look to the other items of the will to see what disposition of the property was made by the testatrix.

Under item 1, each of her three daughters is given an equal share in the rents, issues, and profits of the plantation during their lives. This is perfectly plain. Under item 2, upon the death of any of these three daughters, her girl children are vested with a one-third fee-simple title to the property. Florence is dead, and her girl children under this will were vested with a fee-simple title to the property. Helen has a girl, and is still living. In the partition proceeding the court decreed that Helen owned a life interest in the share allotted to her, with remainder in fee simple to her daughter. Alice. is only given the rents, issues, and profits during her life. Since she has no female children, and cannot have any, this one-third remainder is undisposed of by the will, and consequently goes to the heirs at law of the testatrix who were living at the time of her death. This fee is neither expressly nor impliedly devised under the will. *Bank & Trust Co.* v. *Cortright,* 122 Miss. 75, 84 So. 136; *Jones* v. *Carey,* 122 Miss. 244, 84 So. 186.

We are not given the names of all of the heirs at law of Mrs. Lightcap who were living at her death, but it is certain that Mrs. Hammett, the appellant, is one of them.

Under the laws of descent and distribution she is entitled to an undivided reversionary interest in fee in the part alloted to Alice.

The decree of the lower court is reversed and the bill dismissed.

*Reversed and bill dismissed.*