## HARRISON et al. v. LEE.

(Circuit Court of Appeals, Fifth Circuit. January 6, 1925.)

No. 4320.

I. Deeds ⟨⇒133(3)—Deed granting life estate with remainders, giving life tenant power to dispose of property on certain contingencies, construed.

Under deed conveying property to grantor's daughter for life, with remainder to her children, and, if grantee died without surviving issue, remainder to go to M., subject to exercise of power conferred on life tenant, *held*, that daughter of life tenant, living when deed was made, took vested remainder, subject to open and let in other issue, and to be divested by life tenant leaving no living descendant.

2. Powers ⟨⇒33(1)—Instrument not given effect as exercise of power, unless it contains evidence of intent to have that effect.

Instrument cannot be given effect as exercise of power possessed by maker, unless it contains evidence that he intended it to have that effect.

**3. Powers ⬥⇒33(2)—Power held not exercised by will.**

Will executed before happening of contingency authorizing exercise of power, and containing no reference to power nor to property subject thereto, and not rendered ineffective by failing to give it effect as exercise of power, *held* not exercise of power.

In Error to the District Court of the United States for the Northern District of Mississippi; Edwin R. Holmes, Judge.

Action by James T. Harrison and others against Blewett Lee. Judgment for defendant, and plaintiffs bring error. Affirmed.

Wm. Baldwin and John F. Frierson, both of Columbus, Miss., for plaintiffs in error.

Charles L. Garnett, of Columbus, Miss. (Charles L. Garnett and Frank C. Owen, both of Columbus, Miss., on the brief), for defendant in error.

Before WALKER and BRYAN, Circuit Judges, and CLAYTON, District Judge.

WALKER, Circuit Judge. By a deed dated July 24, 1866, Thomas G. Blewett conveyed to his daughter Mary, the wife of Robert Wooldridge, described lands, known as Buckhorn plantation, which deed contained the following:

"To have and to hold said lands and plantation, together with all and singular the tenements, hereditaments, and appurtenances, and the stock horses, mules, cattle, hogs, wagons, oxen, cars, farming implements, household and kitchen furniture, and all the personal property belonging to me on said place, for and during the natural life of my said daughter Mary, and as her sole and separate property, and for her sole and separate use, and not to be subject to the custody of her husband, or to the use, possession, control, or management of her husband, and not to be liable in any way or form to his debts, contracts, or engagements, and her said husband is never under any circumstances or in any event ever to have any interest in or title to said land, or to occupy, control, or manage the same, either in the right of or by or through his wife or children, it being the intention forever to exclude any claim or interest on his part, and if at the time of the death of my said daughter Mary she shall have or leave no living children nor their descendants, then and in that event she may and shall have full and complete power and authority to dispose of and convey said lands and plantation and what personal property that may then be in existence in any manner or way that she pleases or may think proper by deed, last will and testament, or otherwise, except to her said husband or his heirs, or in any way in trust for him or them, in fee simple; and if at the time of the death of my said daughter Mary she shall leave issue alive capable of inheriting, then in that event said lands, plantation and personal property, if any shall be then in existence, shall go to and belong to any child or children of hers then living, in equal parts as tenants in common, the descendants of a deceased child or grandchild to take the share of the parent in equal parts among them, and in the event of the death of any such child or children its share shall go to and belong to the survivor or survivors, and is in no event to go to or belong to the father, and in the event that there is or may be no survivor or survivors then and in that case the said lands, plantation, and property shall go to and belong to the namesake of my said daughter and my granddaughter Mary Blewett Harrison, to her and her heirs forever in fee simple.

"And in the event that my said daughter Mary shall depart this life without leaving living issue or their descendants and without having elected to make any disposition of said property as aforesaid, then and in that event I at the request of my said daughter do give, grant, alien, and convey said lands, plantation, and other property to my said granddaughter Mary Blewett Harrison, to her and her heirs forever in fee simple. And as an advancement to my said daughter I do hereby warrant and defend the title to the said lands and other property at the sum of $15,000 against myself, my heirs, executors, and administrators."

Mary Wooldridge executed a will in October, 1869. The provisions of that will, omitting one giving mentioned personal property, one naming a guardian of testator's daughter, one as to investing the mentioned insurance money, and one appointing an executor, are the following:

"Item 1st. I give and bequeath to my daughter Lilly Lee Wooldridge my insurance upon my life, amounting to ten thousand dollars, and all my right and title to the same, and the sum or sums, due thereon, at the time of my death—my object being that the amount of the insurance money shall go to her.

"Item 2d. All the rest and residue of my estate, real, personal and mixed, and whatever situate, and that I may own at the time of my death (except as in hereinafter mentioned and specified) to my said daughter Lilly Lee Wooldridge as her sole, exclusive

and separate property, in fee simple, and absolutely forever, I give and bequeath, she being my general and residuary legatee. * * *

"Item 5th. In the event my said daughter should die before marriage, or without issue, then and in that event I will and bequeath said insurance, and insurance money to Mrs. Stephen D. Lee, wife of Gen'l S. D. Lee and her heirs forever. . * * *

"Item 7th. In relation to the rest and residue of the estate and property hereby given and bequeathed to my said daughter I will and bequeath that in the event of her death before marriage, then and in that event, such rest and residue shall go and be distributed share and share alike between said Mary B. Harrison and her brothers and sisters then alive, excepting her brother Thomas Harrison. ·

"Item 8th. It is my will and desire that under no conceived and possible circumstances, shall Robert Wooldridge have, own, possess, or inherit, any part or parcel of my estate, either real, personal or mixed, or inherit or claim under or through my said daughter, and I hereby give as residuary legatees after my said daughter as aforesaid, and in case of her death before marriage, or without issue said Mary B. Harrison and her brothers and sisters above specified."

Lilly Lee Wooldridge, who was living when the above-mentioned deed was executed, died while her mother was alive. When Mary Wooldridge died she had no living descendant, and at that time Mary Blewett Harrison was alive. The will of Mary Wooldridge was relied on as showing the exercise of the power conferred on her by the deed. When Mary Wooldridge died she had real estate other than Buckhorn plantation. The ruling of the court was to the effect that upon the death of Mary Wooldridge the title to Buckhorn plantation was vested in Mary Blewett Harrison.

[1] The effect of the above-mentioned deed was to convey Buckhorn plantation to Mary Wooldridge for life, with remainder to her child or children, the children of a deceased child to take the parent's share; in the event of the grantee for life leaving alive no issue, the remainder to go to Mary Blewett Harrison, the last-mentioned remainder being subject to be defeated by the exercise of the power conferred on the grantee for life. As the grantee for life had a daughter living when the deed was made, that daughter took a vested remainder, which was subject to open and let in other issue of her mother, and was also subject to be divested

by the grantee for life leaving alive no descendant. McArthur v. Scott, 113 U. S. 340, 5 S. Ct. 652, 28 L. Ed. 1015. As the last-mentioned contingency happened, the remainder in fee went to Mary Blewett Harrison, unless that result was prevented by the exercise of the power conferred on the grantee for life.

[2, 3] An instrument cannot properly be given effect as the exercise of a power possessed by the maker unless it contains evidence that he intended it to have that effect. Hammett v. Markham, 128 Miss. 39, 90 So. 848. The will of Mary Wooldridge contained no reference to the power given by the deed to her, no reference to the property which was the subject of that power, and no provision of the will would be rendered ineffective by failing to give that instrument the effect of an execution of the power vested in the testator. The opinion in the above-cited case recognizes the controlling effect to be given to the just stated facts. Instead of the terms of the will disclosing an intention to exercise the power, they persuasively indicate the absence of such intention. Nothing in the will indicates that the testator had in mind the contingency of her death occurring when she had no living descendant, the only contingency in which, under the circumstances existing when the will was made, it could become effective as an execution of the power. The conclusion is that there was no evidence to support a finding that the power mentioned was executed. It follows that the court did not err in making the above-mentioned ruling.

The judgment is affirmed.