WILLIAMS, et al. *v.* GOOCH.

In Banc. Jan. 23, 1950.

No. 37369 (44 So. (2d) 57)

224

**Robert E. Jackson** and **Jerred G. Blanchard,** for appellant, Burch Williams.

Hugh F. Causey, for appellee.

**Hall, J.**

Mrs. Corinne S. Gooch died on May 26, 1948, leaving as her sole and only heir at law her husband, O. P. Gooch, appellee herein. She left no surviving parent, brother, sister, niece or nephew, and her nearest blood relatives are cousins. She left a last will and testament which has been duly admitted to probate. By this will numerous bequests of specified personal property were made to various blood relations and to her servant, and the residue of her personal estate was devised to her husband. Disposition was also made of her home, a life estate therein being devised to her husband and the remainder to other relatives. There is no question here presented as to any feature of the will except Item 7, as to which item the appellee brought this suit seeking a construction thereof and praying for an adjudication that the deceased died intestate as to one-half of the property therein mentioned, which includes all the real estate except

the home, and that he be adjudged the owner of a one-half fee simple interest therein as her sole and only heir at law.

The pertinent portions of said Item 7 are as follows:

"I give and devise to my said husband for and during his natural life, all of the rest and residue of such of my real estate as I may own at the time of my death, and at his death, I give and devise the said real estate to the following devisees who shall take said property in kind as joint tenants, their shares therein to be determined according to the values the shares herein devised to them, shall bear to the value of said entire real estate, that is, to Corinne Smith Wiggins shall take 25 per cent of the value of said entire real estate: Burch Williams shall take 25 per cent of the value of said entire real estate; ——shall take—per cent of the value of said entire real estate; ——shall take—per cent of the value of said entire real estate; ——shall take—per cent of the value of said entire real estate; and——shall take—per cent of the value of said entire real estate. In the event said devisees cannot agree upon the value of said entire real estate as herein mentioned, then the Chancery Court, having jurisdiction of said matter, shall divide such real estate in kind among said devisees according to the values and manner of division hereinabove mentioned. In the event any of said devisees should die before my said husband should die, then upon the death of my said husband, the surviving devisee or devisees shall take the said property according to the method of division hereinabove mentioned, and the right of such deceased devisee shall not descend to his or her heirs or representatives, and until such division is made among said devisees, they shall be deemed to own such percentage undivided shares in said property, and the rents, issues, and profits therefrom shall be kept intact until such division is made."

The chancellor held that either purposely or by negligence the testatrix failed to devise or dispose of 50% of

the remainder estate in the property mentioned in said Item 7 and that she died intestate as to the same and that under the law of descent and distribution of this state the appellee, as sole surviving heir at law of the testatrix, inherited the said 50% interest in fee simple and is now the owner thereof, and is also the owner of a life estate as to the other 50% interest and that the remainder estate therein is owned by Corinne Smith Wiggins and Burch Williams as joint tenants with the right of survivorship if either of them should predecease the appellee. This appeal challenges the correctness of the decree.

The record shows that the will in question was prepared by a capable attorney at law in accordance with instructions from the testatrix and none of the blank spaces in Item 7 were filled in. Apparently the testatrix was undecided at that time as to how she desired to dispose of the property mentioned in that item. She kept the will in her possession without execution for a period of approximately one year and finally filled in two of the blanks with the names of Corinne Smith Wiggins and Burch Williams and also filled in the two blanks showing that each should take 25 per cent of the value of the entire real estate devised by that item, and then executed the will in the presence of two witnesses of her own choice, leaving unfilled all the remaining blanks in Item 7.

It is urged by appellants that there is a presumption against intestacy and that we should construe the item in question as a devise of the entire remainder of the fee simple estate to them in equal share as joint tenants, but in order to do this we would be compelled to strike from the will the two places where testatrix inserted in her own handwriting that appellants should each receive only 25% of the value of the entire estate and to substitute 50% in these blanks, and we are at once confronted with the well recognized rule that courts cannot add to or take from a will or make a new will for the parties.

The presumption against intestacy is, after all, only a presumption which, like all other presumptions, must yield to the facts, and it has never been recognized or applied by this court to the extent of changing or writing a will so as to dispose of property under the will when the provisions of the will itself do not make such disposition.

Section 473 of the 1942 Code provides that "All estate, real and personal, not devised or bequeathed in the last will and testament of any person, shall descend and be distributed in the same manner as the estate of an intestate; and the executor or administrator shall administer the same accordingly."

In the case of Jones et al. v. Carey, 122 Miss. 244, 84 So. 186, 187, this court said: "In order for a will to be effective in vesting the fee, it must contain sufficient language, and a sufficient purpose obtainable from its language, to dispose of the fee, or else the heirs of the testator will take the fee by inheritance, and not by the will. While the courts will give effect to an instrument disposing of an estate where it has manifested the intention of the maker to dispose of all his property, still the court cannot reform an invalid attempt to make a will so as to give validity to it, and cannot, by construction or amplification, write into a will provisions which the maker may be supposed to have attempted to write into it." To the same effect is Bell v. Dukes, 158 Miss. 563, 130 So. 734. See also Palmer v. Crews, 203 Miss. 806, 35 So. (2d) 430, 4 A.L.R. 2d 483; and Keeley v. Adams, 149 Miss. 201, 115 So. 344.

In 57 Am. Jur., Wills, Section 1159, p. 756, it is said: "Since a testator may prefer in certain contingencies to die wholly or partially intestate, the presumption against intestacy will not prevail where the language of the will, fairly construed, discloses a contrary intention, *or is insufficient to carry the whole estate.* Thus, a gift of property for life with no gift over cannot be held, merely on the basis of the presumption against intestacy, to con-

vey the fee to the life tenant rather than to result in a remainder which passes to the heirs of the testator as intestate property. The presumption does not require the court to make a new will, or to include in the will property not comprehended by its terms, *and cannot be carried to the extent of inserting provisions in the will which the testator failed to insert,* or invoked to establish a gift against the rules of law declaring the legal meaning of the language in a will. In other words, the fact that a construction of a will may, under certain contingencies, result in a partial intestacy cannot alter a plain meaning. *A court is not required to read into an unambiguous devise of a fraction of a tract of land a word that will work a disposition of the entire tract.* Furthermore, it should be observed that the rule that a testator is presumed to have intended not to die intestate as to any part of his estate is not of greater force than the rule that an heir is not to be disinherited except by express words or necessary implication, the view being occasionally taken that it must 'yield' if in conflict with the presumption against disinheritance.'' (Emphasis supplied.)

In Page on Wills, Lifetime Edition, Section 927, it is said: ''If it is clear from the entire will when read in the light of the surrounding circumstances, that testator has not disposed of all of his property, the courts cannot, under guise of construction, add provisions to his will which will prevent a partial intestacy; but the property which is thus omitted must pass as intestate property. Partial intestacy may occur in cases in which the testator has omitted from his testamentary disposition some of his property, or certain interests in his property, as where he has disposed of fractional interests of his property, leaving other fractional interests undisposed of, or where he has given some interest less than a fee or absolute ownership in certain property and has left the rest of such property undisposed of.''

The case of Gilmore v. Jenkins, 129 Iowa 686, 106 N.W. 193, 6 Ann. Cas. 1008, abundantly supports the proposition that where a devise is insufficient to carry the whole estate but disposes of only a fraction thereof, the remaining fraction descends to the heirs at law. In that case the testator left two sons and five daughters, as well as his wife; after making provision for his wife and two sons his will provided ''To my five daughters (naming them) I give and bequeath the undivided one fifth of'' certain described lands. It was contended and the lower court held that the testator intended to devise to each of his daughters an undivided one-fifth interest, but the Iowa Supreme Court held that it could not write the word ''each'' into the will, and that consequently the daughters received by the will a total one-fifth undivided interest or one-twenty-fifth each, and that the remaining four-fifths undivided interest descended to the legal heirs as property undisposed of by the will. That is exactly the situation presented by the case at bar. The testatrix gave her husband a life estate in the land, and then gave fifty per cent of the remainder of the fee to the appellants, leaving fifty per cent undisposed of.

Another case directly in point is Federal Trust Co. v. Ost, 120 N.J. Eq. 43, 183 A. 830, 836, affirmed 121 N.J. Eq. 608, 191 A. 746, wherein the testator named twenty-nine beneficiaries and gave certain percentages to each. These added up to a total of 85%. One of the beneficiaries who was to receive 10% predeceased the testator and this legacy lapsed, leaving 75% devised under the will to twenty-eight named beneficiaries and 25% undisposed of. In construing that will the court said: ''It is manifest, however, that the testator failed to dispose of the beneficial use of his estate in excess of the 75 per cent .given to the twenty-eight designated beneficiaries. Whether this omission was due to inadvertence on the part of this testator who undertook to write his own will or to mere arithmetical miscalculation or, on the contrary, was due

to some undisclosed purpose or design, is beyond my power to discern or determine. I am not unmindful of the rule that it is presumed that the testator did not intend to die intestate with respect to any part of his estate. That rule, however, should not and does not prevail against the result of intestacy or partial intestacy when that result is fairly inescapable. Recognition of that rule of presumption does not justify revision of the clear language of a will. It would be intolerable for courts to furnish both the donation and the donee where the testator himself omitted to do so. . . . It is an unfortunate result that partial intestacy should follow, but the court is powerless to change that result. It should not, in the guise of interpretation, rewrite the testator's will. It is, therefore, held that the testator died intestate with respect to 25 per cent of the property remaining after the payment of debts, funeral expenses, and general legacies.''

Appellants argue that under the terms of the will here in question it was the intention of the testatrix to divide her estate into fifty shares or parts and give one-half thereof or 25 shares or parts to each of appellants, and we are asked to rewrite the will to the extent of substituting the word "shares" for the words "per cent". Exactly the same contention was made in Federal Trust Co. v. Ost, supra, but the court said: "It is urged, however, that the word 'per cent.' (the mark % appears) used by the testator should be interpreted to mean 'parts,' so that the widow's share should be taken to mean 33 equal parts or 33/75 and all the other gifts, expressed in the will in percentages, to be construed similarly. It is argued that by the employment of this formula intestacy would be avoided and as beneficiaries died before ultimate distribution the parts of the survivors would correspondingly increase. It is suggested that if the brother Louis Ost, Sr., had not predeceased the testator the common denominator would have been 85 and the share of each benefi-

ciary would be the percentage stated in the will over that denominator. Due to his death the denominator, it is claimed, stands changed to the figure 75. This, it must be admitted, is quite an ingenious and convenient solution of the difficulty, but it is not a sound one, for it does not represent the expressed intent of the testator.''

In the will now before us it is probably true that Mrs. Gooch originally intended, when the will was prepared, to dispose of the entire residue, but it is quite clear that she was for a long time undecided in her own mind as to who should be the recipients of her bounty and when she did finally execute the will she filled in enough of the blanks to dispose of fifty per cent of the residue and no more. She gave her husband a life estate in the land, and then gave fifty per cent of the remainder of the fee to the appellants, leaving fifty per cent undisposed of. In our opinion the learned chancellor correctly held that the remaining undevised fifty per cent of the fee descended to the appellee as the sole heir at law of the testatrix.

The fact that appellee was devised a life estate in the whole of the property does not militate against his inheriting that fraction of the remaining fee simple title which was not disposed of by the will. Bell v. Dukes, 158 Miss. 563, 130 So. 734; Marx v. Hale, 131 Miss. 290, 95 So. 441; Rainey v. Rainey, 124 Miss. 780, 87 So. 128; Cain v. Barnwell, 124 Miss. 860, 87 So. 484; Lemon v. Rogge, (Miss.) 11 So. 470.

The decree of the lower court is therefore affirmed.

Affirmed.