(88 South. 651)

**FOWLKES et al. v. CLAY et al.   (2 Div. 701.)**

(Supreme Court of Alabama.   April 21, 1921.)

**1. Wills ⬤═602, 603(3)—Devisees held to take fee subject to be divested if they died without issue.**

Where the will of a testatrix, who was about 70 years of age, and suffering with a fatal malady when it was executed, gave property to a son in trust for grandchildren, and provided that if either of the grandchildren died without issue her share should vest in the survivor, and if both died without issue the property should vest in the issue of the son, the grandchildren did not take a fee simple, but a fee with right of survivorship, and subject to be divested upon the death of both without issue.

**2. Wills ⬤═470—Intention to be gathered from whole instrument.**

The testator's intention, if legal, must be gathered from the whole will and all of its parts after taking due consideration of the testator's manifest scheme to ascertain its spirit rather than its letter, and, if possible, to make it form one consistent whole where the general and primary interest prevails over a special or secondary interest.

**3. Wills ⬤═471 — Residuary clause yields to specific inconsistent provision.**

A residuary clause in a will must yield to a specific inconsistent provision to the contrary, especially if the latter is subsequent.

**4. Wills ⬤═472—Later clause prevails in case of irreconcilable conflict.**

If there is a conflict between two clauses of a will that cannot be reconciled, the later clause must prevail.

**5. Wills ⬤═441—Court will put itself in testator's position in construing will.**

In endeavoring to construe a will according to the testator's intention, the court will put itself as far as possible in the testator's position, by taking into consideration the circumstances surrounding him, and look to his mode of thought and living, his relations to or associations with the objects of his bounty, and their age, condition, dependence, and the like, it being presumed that he had their interests in view.

**6. Wills ⬤═629—Law inclines to regard gifts as vested, but not if contrary to testator's intention.**

While under Code 1907, § 3396, the law inclines to regard devises or legacies as vested, rather than contingent, such is not the implication if the contrary is shown by the instrument to have been the testator's intention.

Appeal from Circuit Court, Dallas County;   B. M. Miller, Judge.

Bill by Samuel A. Fowlkes and others against Mary Clay and others, to construe the will of Mary L. Clay, deceased. From the decree rendered, complainants appeal. Affirmed.

Samuel A. Fowlkes was appointed trustee by the chancery court of Dallas county to succeed J. L. Clay, who was the former trustee under the will for Edna Clay and Elizabeth Clay, daughters of James Clay, and granddaughters of testator, and also trustee for Mary, Leone, Jefferson, and Edith Clay, children of J. L. Clay. The agreed statement of facts is that the allegations contained in sections 1, 2, and 3 of the bill, and 1, 2, and 5 of the answer, are true, and that the attached copy of the will is true; that the testator was born in 1837, and died in 1907; that Mary Clay was born in 1895, Edna Clay in 1896, and Elizabeth Clay in 1898. The sections of the bill referred to as being true set up the facts already stated as to the trusteeship, and also gives the residence and ages of the parties complainant and respondent. Sections of the answer admitted to be true set up the fact that Mary Clay has married, and is now Mary Clay Clamp, and section 5 sets up the fact that the will of the testator was drafted and executed by her when she was quite old, and suffering with a fatal malady, from which she died in about 18 months after executing the will, and that at the time of her death all the devisees mentioned in the will were minors under the age of 14 years.

Items 5, 8, and 11 of the will were as follows:

"Item 5. I give and bequeath unto my said son J. L. Clay, in trust, the hereinafter described real and personal property to be held by him as trustee for the use, benefit and behoof of my two grandchildren, Edna and Elizabeth Clay, daughters of my deceased son, James B. Clay, as follows, to wit: All the land which I own in Perry county, Alabama, containing 750 acres more or less; also the following real estate in Selma, Alabama, with the improvements thereon, the lots known as the Welborn property in the western part of said Selma; the lot known as the Berry property in East Selma, and an undivided one half interest in the hereinbefore described Furguson lots. In the event I fail during my lifetime to make contemplated improvements on the said Welborn property, to cost about twenty five hundred dollars ($2,500.-00), I devise and bequeath unto my said son,

⬤═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

in trust as aforesaid, out of any money or property belonging to my estate, not herein specifically disposed of, the sum of twenty-five hundred dollars ($2,500.00), in lieu of said contemplated improvements. And also ten shares of the capital stock of the City National Bank of Selma which I now own."

"Item 8. The other half of my estate, not otherwise disposed of, I give and bequeath unto my said son J. L. Clay as trustee for my said grandchildren, Edna and Elizabeth Clay, daughters of my deceased son James B. Clay."

"Item 11. I further will and direct that should either of my grandchildren, Edna and Elizabeth Clay, daughters of my deceased son James B. Clay, die without issue, that her share shall descend and vest in the survivor, and in the event both should die without issue, the property herein bequeathed to them shall descend and vest in the issue of my said son J. L. Clay, per stirpes."

Craig & Craig, of Selma, for appellants.

The limitations mentioned in item 11 apply only in case of the death of Edna and Elizabeth Clay prior to the death of testatrix, and hence court erred in holding that their estate was subject to divestiture in case both died with issue. Section 3396, Code 1907; 135 Pa. 575, 19 Atl. 951, 20 Am. St. Rep. 889; 157 Ala. 79. 47 South. 220, 25 L. R. A. (N. S.) 1045; 189 Ala. 107, 66 South. 36; 196 Ala. 224, 72 South. 81; 139 Ala. 406, 36 South. 616; 173 Ala. 604, 55 South. 500; 65 Ala. 321; 40 Cyc. 1390; 157 Ala. 79, 47 South. 220, 25 L. R. A. (N. S.) 1059.

Keith & Wilkinson, of Selma, for appellees.

The appellees contend that the trial court did not err on its final decree, but correctly held that Edna and Elizabeth Clay, under the will of the said Mary L. Clay, deceased, took a fee-simple title to the property devised to them, subject to divestiture upon both dying without issue, either before or after the death of the testatrix. Rives et al. v. Burrage et al., 110 Miss. 789, 70 South. 893; Harvey v. Johnson, 71 South. 824; Montgomery v. Wilson, 189 Ala. 209, 66 South. 503; Ex parte White, 118 Miss. 15, 78 South. 949, L. R. A. 1918E, 1065; Dickson v. Dickson, 178 Ala. 117, 59 South. 58; Smith v. Smith, 157 Ala. 79, 47 South. 220, 25 L. R. A. (N. S.) 1045 and note; English v. McCreary, 157 Ala. 487, 48 South. 113; McWilliams v. Ramsey, 23 Ala. 813; Castleberry v. Stringer, 176 Ala. 250, 57 South. 849; 30 A. & E. Ency. 666.

THOMAS, J. The bill was by the trustee for construction of the will of Mary L. Clay, deceased, and for instruction as to distribution of the estate. The submission for final decree was upon the bill, answer, and agreed statement of facts, in writing, signed by the solicitors of the respective parties in interest.

There are questions of real difficulty arising from the provisions of this will, to prevent the trustee from proceeding with further administration and distribution of the estate without construction and direction by a court of equity, as to the legal effect of the provisions of that instrument. Jemison v. Brasher, 202 Ala. 578, 81 South. 80; Pearce v. Pearce, 199 Ala. 491, 495, 74 South. 952; Dent v. Foy, 204 Ala. 404, 85 South. 709; Gen. Acts 1915, p. 738.

[1] The complainants Edna Clay and Elizabeth pray in their bill that the court declare and decree that by item 11 of said will there was vested in them a fee-simple title to the property devised. That item is as follows:

"I further will and direct that should either of my grandchildren, Edna and Elizabeth Clay, daughters of my deceased son James B. Clay, die without issue, that her share shall descend and vest in the survivor, and in the event both should die without issue, the property herein bequeathed to them shall descend and vest in the issue of my said son J. L. Clay, per stirpes."

The property willed to said respondents is devised by items 5 and 8 (subject to the limitations imposed by the subsequent item 11) as follows:

"I give and bequeath unto my said son J. L. Clay, in trust, the hereinafter described real and personal property to be held by him as trustee for the use, benefit and behoof of my two grandchildren Edna and Elizabeth Clay, daughters of my deceased son, James B. Clay, as follows, to wit: All the land which I own in Perry county, Alabama, containing 750 acres more or less; also the following real estate in Selma, Alabama, with the improvements thereon, the lots known as the Welborn property in the Western part of said Selma; the lot known as the Berry property in East Selma, and an undivided one-half interest in the hereinbefore described Furguson lots. In the event I fail during my lifetime to make contemplated improvements on the said Welborn property, to cost about twenty-five hundred dollars ($2,500.00) I devise and bequeath unto my said son, in trust as aforesaid, out of any money or property belonging to my estate, not herein specifically disposed of, the sum of twenty-five hundred dollars ($2,500.00) in lieu of said contemplated improvements. And also ten shares of the capital stock of the City National Bank of Selma which I now own." Item 5.

"The other half of my estate, not otherwise disposed of, I give and bequeath unto my said son J. L. Clay as trustee for my said grandchildren, Edna and Elizabeth Clay, daughters of my deceased son James B. Clay." Item 8.

Appellants contend that the decree was in error in declaring that the title to the estate willed complainants—

"vested in them in fee, with the right of survivorship in the event either should die without issue, but subject to be divested upon both dying without issue at any time; and that the said

Edna and Elizabeth Clay can take no other title to any of the property under said will, because of said devise over to the children of J. L. Clay; the meaning and intent of the testatrix in said cause being to limit the devise and bequest to a life estate in the said Edna and Elizabeth Clay in the event of both dying without issue either before or after her death."

In short, the insistence of appellants, through the argument of their counsel, is that they took a fee-simple title "upon the death of testatrix, they both being living at the time of the death of the testatrix." We are of opinion that this insistence is not well founded, for the reason that it clearly appears, from a consideration of the whole instrument, that an estate freed of contingency was not intended to be created by the testatrix (Code, § 3396), and that the provisions of the instrument in question did not fall within the class of "doubtful cases" where, under the law, the interest conveyed will be construed as "vested, * * * rather than contingent." Gunter v. Townsend, 202 Ala. 160, 166, 79 South. 644; Pearce v. Pearce, supra; Montgomery v. Wilson, 189 Ala. 209, 212, 66 South. 503; Campbell, Guardian, v. Weakley, Adm'r, 121 Ala. 64, 25 South. 694.

[2-4] The application of common sense in the interpretation of wills has evolved cardinal rules of construction. The testator's intention (if legal), being the law of the instrument, must be gathered from the whole instrument, and all of its parts, after taking due consideration of the manifest scheme of the testator, to ascertain its spirit rather than its letter; and, if possible, to make it "form one consistent whole," where the general and primary interest prevails over a special or secondary interest to the contrary. Pearce v. Pearce, supra; Ralls v. Johnson, 200 Ala. 178, 75 South. 926; Gunter v. Townsend, supra, 202 Ala. 164, 79 South. 644; Jemison v. Brasher, 202 Ala. 578, 579, 81 South. 80; Mims v. Davis, 197 Ala. 88, 72 South. 344; Prater v. Hughston, 202 Ala. 192, 79 South. 564; Smith v. Smith, 157 Ala. 79, 82, 47 South. 220, 25 L. R. A. (N. S.) 1045; Burleson v. Mays, 189 Ala. 107, 66 South. 36; Montgomery v. Wilson, supra; O'Connell v. O'Connell, 196 Ala. 224, 72 South. 81; Dickson v. Dickson, 178 Ala. 117, 121, 59 South. 58; Campbell v. Weakley, supra; Ballentine v. Foster, 128 Ala. 638, 30 South. 481; Chapman v. Brown, 3 Burr. 1634, 10 Eng. Rul. Cases, 790. And it is a further rule of testamentary construction that a residuary clause will be made to yield to a specific, inconsistent provision to the contrary, especially if the latter is subsequent; and, if there is conflict between two clauses that cannot be reconciled, the later clause must prevail. Ralls v. Johnson, supra; Thrasher v. Ingram, 32 Ala. 645; Denson v. Mitchell, 26 Ala. 360; Gib-

son v. Land, 27 Ala. 117; Walker v. Walker, 17 Ala. 396; Griffin v. Pringle, 56 Ala. 486.

[5] In endeavoring to construe a will according to the intention of the testator, the court will put itself, as far as possible, in the position of the testator by taking into consideration the circumstances surrounding him at the time of the execution of the will (Castleberry v. Stringer, 176 Ala. 250, 57 South. 849; Rutland v. Emanuel, 202 Ala. 269, 80 South. 107), look to the mode of testator's thought and living, and his relations to or associations with the objects of his bounty, and their age, condition, dependence, and the like; for it is presumed that the testator had in view the interests of the legatees who are the objects of his bounty (Travis v. Morrison, 28 Ala. 494; Echols v. Jordan, 39 Ala. 24, 29; Moore v. Moore, 18 Ala. 242; Mims v. Davis, 197 Ala. 88, 72 South. 344; Jemison v. Brasher, supra.

There is no controversy over the facts. The testatrix died when she was over 70 years of age, and her will was executed within two years of her death. At the time of its execution testatrix was suffering with a fatal malady, of the nature of which she was fully informed, and of which she died within 18 months thereafter; that the beneficiaries thereunder and parties to this suit were the children of her son, J. L. Clay, to wit: Mary Clay Clamp, Leone Clay, Jefferson L. Clay, and Edith M. Clay; and the children of her deceased son, J. B. Clay, to wit: Edna Clay and Elizabeth Clay; all of said parties being under the age of 14 years at the time of the execution of the will, the youngest being less than 5.

Appellee conceded that the title to the property devised to Edna and Elizabeth Clay in items 5 and 8 of the will, if these were the only provisions touching said property, would have vested in such devisees in fee immediately upon the death of the testatrix; that is, without the other plain, unequivocal, and controlling provisions in the will showing that the testator's intent was to the contrary.

[6] While the law inclines to regard devises or legacies as vested, rather than contingent, such is not the implication if the contrary is shown by the instrument to have been the testator's intention. To use the language of our statute, "unless it clearly appears that a less estate was intended," a fee will not be held to have been conveyed. Code 1907, § 3396; Travis v. Morrison, supra; Duncan v. De Yampert, 182 Ala. 528, 62 South. 673.

If the court is put in the place of the testatrix—her extreme age, fatal malady, and impending dissolution, which she fully realized, and remembering the tender years of her beneficiaries—it is seen that these important and impelling facts must have eliminated any idea that she may have had be-

fore and to the time she executed the will that she would survive Edna and Elizabeth Clay. The residuary and other antecedent clauses of the will must give way to the specific inconsistent provisions contained in the subsequent provisions of item 11. Such later or last provision of the will conflicts with and is irreconcilable with the former provisions of the will on which appellant relies.

Looking to the whole of the will for testatrix's intention, the words "die without issue" (in item 11), as applied to Edna and Elizabeth Clay by the testatrix, if made to refer alone to a death within the lifetime of testatrix, the provision that the property should, on the happening of such natural event, descend and vest in the issue of testatrix's son J. L. Clay, would not avail more than was provided for by the statute of descent and distribution. The will contains internal evidence that it was drawn by skilled counsel, and of the effect of such clause and statute of descents and distribution testatrix must have been advised—a fact that existed and was calculated to influence the testatrix. Jemison v. Brasher, supra; Mims v. Davis, supra. On the other hand, the intent and purpose of testatrix, apparent from the spirit and general scope of the will, from the facts calculated to influence testatrix under circumstances in which the will was to operate, were to preserve her estate, and to keep it in appellants during their respective lives (and no longer); and, in event of their death without issue, to provide for the two contingencies: (1) The death of Edna or Elizabeth Clay without issue, on the happening of which event the right of succession was vested in the survivor; (2) the death of both of said grandchildren without issue, on the happening of which contingency the specific property so devised should "descend and vest" in the children of said J. L. Clay, appellees.

In Burleson v. Mays, 189 Ala. 107, 66 South. 36, it is clear that testator was providing for contingencies of death (without "lawful heirs" to take the parents' part) before his death:

"If Prudence E. Bottoms should decease without leaving any lawful heir, Martha E. Bottoms shall have all of my estate; if Martha E. Bottoms should decease without leaving any lawful heir, Prudence E. Bottoms shall have all of my estate. If I should decease before my wife," etc.

—thus referring to himself in like language as he had just referred to the death of his two daughters, Martha and Prudence. The intention of testatrix in O'Connell v. O'Connell, 196 Ala. 224, 72 South. 81, was to give Alice an "undivided one-half interest * * * absolutely and not subject to the provisions of item 2" thereof, and it was plain that this fee was not to be cut down by the provisions made for survivorship intended to provide against the death of the object of the gift in the lifetime of testatrix. Such was the effect of the holding in Haigler v. Haigler, 202 Ala. 480, 80 South. 864.

The decree of the circuit court in equity is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.