(93 South. 694)

**STEELE v. CRUTE et al.** (8 Div. 410.)

(Supreme Court of Alabama. April 6, 1922. Rehearing Denied May 11, 1922.)

**1. Wills ⬡470—Intention to be gathered from will as a whole.**

Testator's intention, if legal, is the law of the instrument, and must be gathered from its four corners, having due regard for his manifest scheme to ascertain its spirit as well as its letter, and, if possible, to make in form one consistent whole where the general and primary interest will prevail over a special or secondary interest that may appear to be to the contrary.

**2. Wills ⬡441—If ambiguous court may consider surrounding circumstances at time of making.**

If any provision is ambiguous, and it is believed by the court to be necessary to put itself so far as possible in the position of the testator, this may be done by taking into consideration the surrounding circumstances at the time testator made his will, as the mode of his living and thought, his relations to or association with the objects of his bounty, or to those who by nature or nurture should be the objects of his solicitude; and it is presumed, if appearing to the contrary, that testator had in view interests of legatees who are made objects of his bounty.

**3. Wills ⬡104—Where words, aided by evidence of material facts, are insufficient to determine meaning, instrument void for uncertainty.**

Where the words of a will, aided by evidence of material facts, are insufficient to determine testator's meaning, no evidence will be admissible to prove what he intended, and the instrument is void for uncertainty.

**4. Insane persons ⬡71—Necessity must be shown before interest in property can be sold or character changed.**

Before the interest of a non compos mentis in properties can be sold or its character changed by reinvestment or reconstruction, it must be manifest to the court that such changed condition, construction, or investment was necessary to protect and promote her interest in the property.

**5. Judgment ⬡719—Decree concludes rights of parties within issues when all necessary parties before court.**

Where all necessary parties at interest are before the court, a decree or final judgment will conclude the rights of the parties within the issue of the pleadings.

**6. Parties ⬡75(2)—If record shows lack of necessary parties, court must take objection ex mero motu.**

If the record shows a lack of necessary parties, the court must take the objection ex mero motu.

---

⬡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**7. Wills** ⚌547, 747—**Where will gave property to last surviving child, children or husband of named devisee took no interest, and were not necessary parties to suit to authorize sale of part to pay for improvement.**

Where testatrix devised property to her six daughters and son, share and share alike, till all of them marry or die, and, in the event of the death of either before a final division with or without issue, the share of such to descend to her surviving sisters and brother, the children or husband of named devisee and legatee took no interest under the will, and therefore they were not necessary parties to a suit praying authority to sell part of the property to pay liens for necessary improvements; one of the beneficiaries being insane.

**8. Wills** ⚌740(3)—**Agreement of joint devisees as to improvement of property not binding on non compos mentis.**

Joint devisees under a will, who permitted the tearing down of an old house and the building of two houses on the land, were bound by their agreement in the premises, but, they could not bind or estop a sister who was insane, as affecting her interests in the property.

**9. Equity** ⚌65(1)—**Maxim that he who comes into equity must come with clean hands not applicable if it would prevent relief to parties to whom maxim has no application.**

Equity in applying the maxim, "he who comes into equity must come with clean hands," will not refuse its aid, even though the party has been guilty of unlawful or inequitable conduct, if it would prevent relief as to other parties in interest to whom the maxim has no application.

Appeal from Circuit Court, Madison County; Robert C. Brickell, Judge.

Bill by Birdie Crute against Lizzie Louise Watkins, N. L. Steele, as Guardian of the estate of Lizzie Louise Watkins, Sadie Mae Miller, Ora Lee Vermilyea, and Bertha Patterson. From a decree for complainant N. L. Steele, as guardian, appeals. Affirmed.

Birdie Crute filed her bill setting up the fact that certain lands in Madison county had been left to herself and other children by the will of Sallie S. Watkins, deceased; that certain improvement thereon had been undertaken by some of the heirs, a loan having been procured from the respondent Bertha Patterson for the purpose; that said improvements stood uncompleted; that completion thereof was necessary to the preservation of the property of the estate; that an additional loan was necessary in order to complete such improvements. The prayer is for assumption of jurisdiction by the court, authorization of a loan, and issuance of certificates by the register.

The guardian denied the allegations of the bill, and demanded strict proof. A decree was entered granting the relief prayed, appointing a receiver to take charge of completing improvements. Upon completion the receiver petitioned for a sale of a part of the property for the purpose of discharging liens; and from a decree confirming such sale, the guardian alone appeals.

The will of Sallie S. Watkins, referred to in the opinion, reads in part as follows:

"Second:—I give, devise and bequeath all my real estate and personal property of whatever kind and description that I will hereinafter name to my six daughters, and only son, W. M. Watkins, to wit:—Mrs. Ora Lee Lord, Irene Scruggs Standard, Birdie Crute, Lizzie Louise Watkins,—Lucy Cabaniss Watkins,—Sadie Mae Miller, and W. M. Watkins, the real estate situated on the north side of Randolph street, and now occupied by me as a residence and the real estate situated on the south side of Commercial Row, and now occupied by me as my drug store, both pieces being in the city of Huntsville, Alabama, to be held and owned by my said six daughters, and only son, W. M. Watkins, jointly, share and share alike, till all of them marry or die.

"In the event, of the death of either before a final division, with or without issue, the share of such to descend to her surviving sisters, and brother, it being my desire and intention to the best of my ability, to insure a home and support for my said daughters and only son."

Edward T. Rice and N. L. Steele, both of Birmingham, for appellant.

No note of testimony being shown, the decree must be reversed. 206 Ala. 335, 89 South. 745; 205 Ala. 315, 87 South. 348; 205 Ala. 201; 203 Ala. 326, 83 South. 49; 203 Ala. 300, 82 South. 550. Before the estate of a non compos mentis can be dealt with, it must appear that her interest will not be prejudiced. 108 Ala. 651, 18 South. 520; 15 Ala. 409; 187 Ala. 165, 65 South. 381. The court may, upon proper bill, elect for the non compos mentis; but no estoppel works against her, since she cannot elect for herself. 130 Ala. 502, 30 South. 517; 187 Ala. 165, 65 South. 381.

R. E. Smith, of Hunstville, for appellees.

The note of testimony appears. The rights and interests of estates of lunatics and infants lie peculiarly within the power of the courts of chancery. It is essential to use this power in behalf of such lunatics when nonaction would result in loss or destruction of their estates. 56 Miss. 727; 22 Cyc. 562; 22 Barb. (N. Y.) 167; 118 Miss. 353, 79 South. 227; 16 Ala. 817; 80 Ala. 227. Courts of chancery have plenary power over the rights of infants, and by analogy over lunatics; and when their interests are brought under the jurisdiction of the court, they become wards of the court, which assumes general supervision and control over their interests. 197 Ala. 246, 72 South. 437; 55 Ala. 590.

THOMAS, J. The bill was in chancery, and eventuated in the decrees from which

---

⚌For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the appeal is taken by the non compos mentis represented through and by a general guardian duly appointed, qualified, and acting.

The requirement for observation of chancery rule 75 is sufficiently shown by the record (page 33½). Potts v. Court of Com'rs, 203 Ala. 300, 303, 82 South. 550; Blackburn v. Moore, 206 Ala. 335, 89 South. 745.

[1, 2] The application of common sense in the interpretation of wills has evolved cardinal rules of construction; the testator's intention, if legal, is the law of the instrument, and must be gathered from its four corners, having due regard for his manifest scheme, to ascertain its spirit as well as its letter, and if possible to make it form "one consistent whole" where the general and primary interest will prevail over a special or secondary interest that may appear to be to the contrary. If, however, the instrument or any provision therein is ambiguous, and it is believed by the court to be necessary to put itself as far as possible in the position of the testator, this may be done by taking into consideration the surrounding circumstances at the time testator made his will—as the mode of his living and thought, his relations to or association with the objects of his bounty, or to those who by nature or nurture should be the objects of his solicitude, care, or bounty; their age, condition, dependence, and the like; and it is presumed (it not appearing to the contrary in the will) that the testator had in view the interests of legatees or devisees who are made objects of his bounty. Fowlkes v. Clay, 205 Ala. 523, 88 South. 651; Castleberry v. Stringer, 176 Ala. 250, 57 South. 849; Jemison v. Brasher, 202 Ala. 578, 81 South. 80; Rutland v. Emanuel, 202 Ala. 269, 80 South. 107; Mims v. Davis, 197 Ala. 88, 72 South. 344; Echols v. Jordan, 39 Ala. 24, 29; Travis v. Morrison, 28 Ala. 494; Moore v. Moore, 18 Ala. 242.

[3] Where the words of a will, aided by evidence of material facts, as we have indicated may be so aided, are insufficient to determine testator's meaning, no evidence will be admissible to prove what the testator intended, and the instrument is void for uncertainty. Wigram on Wills (1872) p. 175, prop. VI, and page 188 et seq., prop. VII.

[4] When the non compos mentis is duly brought before the court as a party, and also her legal guardian, the appeal may be prosecuted and errors assigned. Before her interest in the properties made the subject of the instant bill can be sold, or its character changed by reinvestment or reconstruction, it must be manifest to the court that such changed condition, construction, or investment was necessary to protect her interest in the property, or that her interest therein would be promoted thereby. The necessities of the case are not different when the estate or interest therein has been changed or affected by the unauthorized acts of others; the acquiescence and ratification vel non must be by the exercise of the judgment and conscience of a court of equity in protecting the estate or interest of the ward. Such is the analogy contained in Martin v. Barnett, 205 Ala. 220, 87 South. 324; Culley v. Elford, 187 Ala. 165, 174, 65 South. 381; McCreary v. Billing, 176 Ala. 314, 58 South. 311, Ann. Cas. 1915A, 561; Gassenheimer v. Gassenheimer, 108 Ala. 651, 653, 18 South. 520; Ex parte Jewett, 16 Ala. 409—in the exercise of the plenary powers over the estate of infants brought in the jurisdiction of a court of equity. The reason underlying the decisions indicates the same rule or guide will aid a court of equity when the estate of lunatics is made the subject of litigation, and where the owner suffering such disability is made a proper party therein—that the court will exercise a general supervision or control over such interests for the benefit of the non compos mentis. Pearce v. Pearce, 199 Ala. 491, 506, 74 South. 952; Murphree v. Hanson, 197 Ala. 246, 252, 72 South. 437; Pearce v. Pearce, 136 Ala. 188, 190, 33 South. 883; Proctor v. Scharpff, 80 Ala. 227, 229, 230; Lee v. Lee, 55 Ala. 590, 599, 600; Kavanaugh v. Thompson, 16 Ala. 817, 827.

Although Mr. Chief Justice Brickell said in Gassenheimer v. Gassenheimer, supra:

" * * * The jurisdiction should be exercised sparingly and with the utmost caution. Though in form the proceedings may be adversary, they are often instituted and conducted by parties of interests adverse to the interests of the infant, for the promotion and advancement of such interests, rather than of the interests of the infant, and the court while intending to protect, may be made the instrument of injustice to him"

—the governing principle underlying the jurisdiction and power of a court of equity in such cases was unchanged.

[5, 6] The pleadings sufficiently recite the interest of Lizzie Louise Watkins (Winters) in the property, her insanity, and representation by general guardian duly appointed, qualified, and acting, as party respondent in answer "demanding strict proof." The other necessary parties in interest, and an administrator ad litem of the estate of testator, were before the court. As to the last-named representative, it is recited that the estate of testator owed no debts; there was no necessity for further representation by an administrator de bonis non to protect the interests of the estate as such or creditors. Where all necessary parties at interest are before the court (Winsett v. Winsett, 203 Ala. 373, 83 South. 117), the decree or final judgment rendered will conclude the rights of the parties within the issue of the pleadings. Terrell v. Nelson, 199 Ala. 436, 74 South. 929. If, however, the record affirmatively shows the lack of necessary parties, the court must take the objection ex mero motu. Hodge v. Joy, 207 Ala. 198, 92 South. 171.

Having provided in the second section of

the will that, "in the event of the death of either [children, we interpolate] before a final division, with or without issue, the share of such to descend to her surviving sisters, and brother," it is important to inquire whether the averments of the bill were sufficient to show that the legal title was before the court. It is averred that "on the 9th day of February, 1920, the said William M. Watkins departed this life, and on the 12th day of February, 1920, the said Irene Scruggs Stanard departed this life," they being respective legatees and devisees named in the last will of Mrs. Sallie S. Watkins. It is not averred that William M. Watkins was or was not married, nor that Mrs. Irene Scruggs Stanard was without issue at the time of her death. In the testimony of Birdie Crute it is recited that she and her sister, Irene Scruggs Stanard, and her husband, John C. Stanard, with others of the joint owners, executed a mortgage of date November 26, 1919, to their interest in said property to Bertha Patterson, to obtain funds to build houses on the premises,' and, that on the respective dates of February 9th and 12th, 1920, William M. Watkins and Mrs. Stanard died. There is proof in the record that the husband is still living, and by the instant decree was appointed receiver of the properties of the estate made the subject of the bill that the building under construction may be duly completed, and to discharge the same of lien under the further directions of the court; as may be just and right in the premises.

A lack of necessary parties is not questioned by demurrer or plea in abatement. Griffin v. Griffin, 206 Ala. 489, 90 South. 907; Hodge v. Joy (Ala. Sup.) 92 South. 171.[1] Under the provisions of the will, the averments of the bill, and proof thereof, we are not driven to the presumption of the continuance of the single state as to William M. Watkins (Rucker v. Jackson, 180 Ala. 109, 60 South. 139, Ann. Cas. 1915C, p. 1061; 22 Am. & Eng. Encyc. of Law, p. 1282; 10 R. C. L. p. 883), or that of continued vitality or of virility of the husband of mature age of Mrs. Stanard (Ann. Cas. 1913E, p. 101, note), or that of her capacity for childbearing (Sims v. Birden, 197 Ala. 690, 73 South. 379, 744; 22 Am. & Eng. Encyc. of Law, p. 1282, note), to ascertain whether there are necessary parties not brought before the court.

[7] The character of estate and extent of interest in and to the properties the subject of litigation, as affecting appellant as a party to the suit as a non compos mentis (Edmondson v. Jones, 204 Ala. 133, 85 South. 799), depends upon the construction of the will of Mrs. Sallie S. Watkins, deceased, set out in the report of the appeal. The estate devised to the children is terminable by the marriage or death of all of said children. Thompson v. Thompson, 107 Ala. 163, 166, 18 South. 247. Such was the provision for a "final division" or "settlement" and investment of the title to the properties in the survivor. A contingency specifically provided for was the event of death of either of said children before "final division, with or without issue," in which event the testator declared "that the share of such to descend to her surviving sister, and brother." The reason testator gives for such unusual provision was the "desire and intention to the best of my [her] ability, to insure a home and support for my [her] said daughters and only son." Lastly, it is stipulated in the will that a "final division" or "settlement" was not to be made among such children or survivors "till all of them marry or die." The allegata et probata agree that all of said children had not married or died, and that no division had been made, but that the property of the estate was being held jointly by such testator's surviving children at the time of the filing of the bill. There not being a marriage of each of the surviving children, the child or children of such legatee and devisee who last survived would take by inheritance from such survivor, and not under the will. Caldwell v. Caldwell, 204 Ala. 161, 85 South. 493. The contingency as to the individuals who will last take the property is the necessary result of the provisions of the will before us, and evidences testator's intent; and the children of testator's named devisees and legatees were not necessary parties to this suit. By the same token the husband of Mrs. Stanard had acquired no right or interest in the property by descent or distribution from and on the death of his wife, and was not a necessary party. Winsett v. Winsett, supra; Wootten v. Vaughn, 202 Ala. 684, 81 South. 660.

[8] The bill as amended was at issue as to all of respondents, and the facts averred presented a case for an election by the court for the non compos mentis and a decree as to the "preservation and protection of said estate" in its impaired or changed condition, the effect of the act of the executor who had died immediately preceding the filing of the bill. The fact that the house was torn down by William M. Watkins, the executor of said last will, with the approval of two of the joint owners, Mrs. Stanard and Mrs. Birdie Crute, was not more than a consent for such action as affecting the respective interests. It was necessary that relief be given by decree of the court consenting to the completion and preservation of the property, and its discharge from liens, incumbrances, or receiver certificates for work and labor done and materials furnished. The non compos mentis could not consent or elect for herself; it must or must not be done by the court as her best interest in the property in its

[1] 207 Ala. 198.

changed condition was effected. A family agreement or settlement by the joint owners who are not subject to disability may be sufficient to bind or estop such owners.

The instant parties, who permitted or acquiesced in the tearing down of the old house; and attempted to build the two houses in question, being bound in the premises (Hodge v. Joy, supra; Betts v. Ward, 196 Ala. 248, 72 South. 110; Oliver v. Williams, 163 Ala. 376, 50 South. 937; Yarborough v. Avant, 66 Ala. 526), could not elect for, bind, or estop the sister who was insane, as affecting her interest in the property.

[9] It cannot be successfully maintained that equity, in applying the ancient maxim, "He who comes into equity must come with clean hands," sometimes stated, "He who does inequity shall not have equity" (Dean v. Elyton Land Co., 113 Ala. 276, 21 South. 213; Ashe-Carson Co. v. Bonifay, 147 Ala. 376, 384, 41 South. 816; Coburn v. Coke, 193 Ala. 364, 69 South. 574; McCord v. Bridges, 205 Ala. 692, 694, 89 South. 39; Harton v. Little, 188 Ala. 640, 65 South. 951; 1 Pom. Eq. Jur. § 397; 4 A. L. R. 73, note), and otherwise stated in this jurisdiction, refuses to lend its aid to one seeking its active "interposition" if the party has been guilty of unlawful or inequitable conduct in the matter with relation to which he seeks, as would prevent the relief prayed as to other parties in interest to whom the maxim has no application. The bill shows that the brother and executor was a man of successful business experience, conducting the drug store belonging to the estate, and that, as executor, he conceived the idea that it was to the best interests of the joint owners in the homestead to build on said lot two houses of modern construction; that it would afford to the unmarried devisees a place of residence, and yield a net income for their maintenance; that he accordingly entered into a contract (joined by two of his sisters) for realizing sufficient funds, and razed the old residence, and proceeded to erect the modern ones thereon. Complainant and Mrs. Stanard had the right to consent for themselves as joint owners in the common properties, and join with him in mortgaging the property to secure funds for the purpose; and executor's failure or acts cannot make complainant a trespasser to the non compos mentis and others not consenting in the demolition of the old house jointly held by all the children, under the provisions of the will, as we have indicated.

A careful consideration of the issues presented by the pleading and proof sustaining the same shows that the decree rendered by the circuit court, in equity, was in all respects right and proper, and necessary to the best interests of the respondents not consenting by their answers, and to Lizzie Lousie Watkins, non compos mentis, whose interests therein will be carefully supervised and guarded by other or further necessary orders of the circuit court to the receiver as the officer of the court.

The decree is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.