(135 So. 472)
### RICE v. PARK.
8 Div. 253.

Supreme Court of Alabama.
March 26, 1931.

Rehearing Denied June 25, 1931.

W. H. Mitchell, of Florence, and Edward T. Rice, of Birmingham, for appellant.

Simpson & Simpson, of Florence, for appellees.

THOMAS, J.

The bill was filed under the statute to quiet title. That pleading contained the required averments as to nonpendency of suits for land, that the complainants were in peaceable possession, etc., under the statute, § 9905, Code, and the decisions. Cooper v. Brown & Sons Lumber Co., 214 Ala. 400, 108 So. 20; Buchmann Abstract & Inv. Co. v. Roberts, 213 Ala. 520, 105 So. 675; Burgin v. Hodge, 207 Ala. 315, 93 So. 27; Irwin v. Shoemaker, 205 Ala. 13, 88 So. 129; Davis v. Daniels, 204 Ala. 374, 85 So. 797; Gill v. More, 200 Ala. 511, 76 So. 453; Wood Lumber Co. v. Williams, 157 Ala. 73, 47 So. 202; Randle v. Daughdrill, 142 Ala. 490, 39 So. 162. The evidence of complainants is sufficient to establish the required possession to maintain such a bill under the statute.

The application of common judgment has evolved cardinal rules of construction of testamentary instruments. Steele v. Crute, 208 Ala. 2, 4, 93 So. 694. These certain cardinal rules of testamentary construction are well understood and need not be restated. Powell v. Pearson, 220 Ala. 247, 255, 125 So. 39; Hatcher v. Rice, 213 Ala. 676, 105 So. 881; Gunter v. Townsend, 202 Ala. 160, 164, 165, 79 So. 644; Ralls v. Johnson, 200 Ala. 178, 75 So. 926. It may be observed that a will is construed as a whole and within the four corners thereof, unless it contains an ambiguity within the rule of construction, then under its material circumstances. Schowalter's Case, 221 Ala. 364, 128 So. 458; First National Bank v. Sheehan, 220 Ala. 524, 126 So. 409; Steele v. Crute, supra; Achelis v. Musgrove, 212 Ala. 47, 101 So. 670; Fowlkes v. Clay, 205 Ala. 523, 88 So. 651; Blake v. Hawkins, 98 U. S. 315, 25 L. Ed. 139; Smith v. Bell, 6 Pet. 68, 8 L. Ed. 322.

The will of Mrs. Mattie B. Rice was construed in Hatcher v. Rice, 213 Ala. 676, 105 So. 881, 883, and there declared that the husband, Mr. S. D. Rice, had only a life estate, and it was observed from that record (it was not shown) that the power of appointment was not exercised. The latter observation is again presented for review under a more complete statement of facts and material circumstances that may be considered as to the intention to execute the power of appointment.

In Mrs. Rice's will it is provided, among other things, as follows:

"*First:* I give to my husband, Septimus Decimus Rice my storehouse on Court or any property that I own at the time of my death with all money I may have. * * *"

"*Third:* At my husband's death all property of mine to go to my nieces V. E. Hatcher and E. I. Park, *unless one of my husband's sons are (is) needy, in that case to go to that one, this to be left to my husband's judgment.*" (Italics supplied.)

The will of Mr. Rice contains words of devise and bequest as follows:

"Florence, Alabama. *October 12, 1912.*

"First: I give to my son, Pryor Rice, to have and to hold forever, *my storehouse* on Court Street, in Florence, the said storehouse being bounded on the south by the property of Mrs. Laura Frierson; on the north by the property of R. N. Harris, on the west by Court Street, fronting on said street twenty-two (22) feet and running back between parallel lines one hundred sixty-six (166) feet to an alley.

"Second: *My stock in Rice Hardware Company,* money and other property that I may own at my death I give and bequeath, share and share alike to my four sons, Pryor O., William C., Edward T., and Septimus H. Rice." (Italics supplied.)

This and other matters were not before the court or considered on appeal in Hatcher v. Rice, 213 Ala. 676, 105 So. 881.

The nature and method of proof in the construction of wills as to the power of disposition and the delegation of power of appointment, and in the execution of the power, should not be confused. Sections 6928, 6941, 6942, Code; Braley v. Spragins, 221 Ala. 150, 128 So. 149; Pierce v. Fulmer, 165 Ala. 344, 347, 51 So. 728; Byrne v. Marshall, 44 Ala. 355. The rights of testators to confer the power of appointment and delegate testamentary powers, within the recognized limitations, as affecting subsequent estates, have been the subject of frequent decisions. Braley v. Spragins, supra; Powell v. Pearson, 220 Ala. 247, 254, 125 So. 39; Rutland v. Emanuel, 202 Ala. 269, 273, 80 So. 107; Thorington v. Hall, 111 Ala. 323, 331, 21 So. 335, 56 Am. St. Rep. 54; Doe ex dem. Gosson v. Ladd, 77 Ala. 223, 224.

In the will of Mattie B. Rice the ambiguous clause was contained in the gift to the husband, as affected by the power of appointment, and another devise contained in a subsequent item held the life estate only in the husband with the devise of remainder subject to execution of power to contrary purport by the husband in the exercise of his judgment.

In the limitation of resort to extrinsic evidence—to show circumstances surrounding the testator at the time of the execution of the will—it is important of observation, that it is when there are latent ambiguities to be explained and construed in the ascertainment of testamentary intent and meaning of the whole will. Patch v. White, 117 U. S. 210, 6 S. Ct. 617, 710, 29 L. Ed. 860, 864; Blagge v. Miles, 3 Fed. Cas. 567, No. 1479, 1 Story, 426, 4 Law Rep. 256; Clere's Case, 6 Coke, 18; 2 Page on Wills, §§ 1419, 1160, 1163, et seq.; 2 Thompson on Real Prop. 278; Schowalter v. Schowalter, 221 Ala. 364, 128 So.

458; City Bank & Trust Co. v. McCaa, 213 Ala. 579, 105 So. 669; Phillips v. Phillips, 213 Ala. 27, 104 So. 234; Hatcher v. Rice, supra; Achelis v. Musgrove, 212 Ala. 47, 101 So. 670; Steele v. Crute, 208 Ala. 2, 3, 93 So. 694; Fowlkes v. Clay, 205 Ala. 523, 88 So. 651; Dozier v. Dozier, 201 Ala. 174, 77 So. 700; Allen v. Scruggs, 190 Ala. 654, 67 So. 301; Baker v. Baker, 182 Ala. 194, 62 So. 284; De Bardelaben v. Dickson, 166 Ala. 59, 62, 51 So. 986; Lee v. Shivers, 70 Ala. 288; 1 Greenl. on Ev. §§ 287, 288; 1 Jarman on Wills (5th Ed. Bigelow) pp. 429, 430; 1 Story's Eq. Jur. § 181.

The manner, time, method, and persons by whom there may be an execution of the power of appointment under wills has been the subject of much discussion. 4 Kent's Comm. 328, et seq.; 3 Thompson on Real Prop. § 38, et seq.; 2 Washburn on R. P. § 685, et seq.; 2 Page on Wills, §§ 814, 1166, et seq.; 28 R. C. L. p. 233. In Blagge v. Miles, 3 Fed. Cas. pages 566, 567, No. 1,479, Justice Story said:

"Three classes of cases have been held to be sufficient demonstrations of an intended execution of a power: (1) Where there has been some reference in the will, or other instrument, to the power; (2) or a reference to the property, which is the subject, on which it is to be executed; (3) or, where the provision in the will or other instrument, executed by the donee of the power, would otherwise be ineffectual, or a mere nullity; in other words, it would have no operation, except as an execution of the power. Langham v. Nenny, 3 Ves. 467; Bennett v. Aburrow, 8 Ves. 609, 616. It seems unnecessary to refer at large to the cases, which establish these propositions. They will be found collected, generally, in Mr. Chance's Treatise on Powers (volume 2, c. 13, §§ 1591–1714), and in Sir Edward Sugden's Treatise on Powers (volume 1, c. 6, § 2, p. 257 etc.; Id. § 7, p. 373, etc.; Id. § 8, p. 430, etc.), and in the opinion of the court, delivered by Lord Chief Justice Best, in Doe v. Roake, 2 Bing. 497. * * * There is no pretence to say, that, because no other cases have as yet occurred, there can be no others. That would, in fact, be to say, that the cases governed the general rule as to intention, and not the rule the cases. Lord Chief Justice Best has put these classes of cases upon the true ground. They are instances of the strong and unequivocal proof, required to establish the intention to execute the power; but they are not the only cases. Doe v. Roake, 2 Bing. 504. On the contrary, if a case of clear intention should arise, although not falling within the predicament of these classes, it must be held that the power is well executed."

And this subject has been well considered by this court. Gindrat v. Montgomery Gas-Light Co., 82 Ala. 603, 2 So. 327, 60 Am. Rep.

769; Gulf Red Cedar Lumber Co. v. O'Neal, 131 Ala. 117, 133, 30 So. 466, 90 Am. St. Rep. 22; Young v. Sheldon, Adm'r, 139 Ala. 444, 452, 36 So. 27, 101 Am. St. Rep. 44; Jones v. Morris, 61 Ala. 526; 49 C. J. 1283.

In Lee v. Simpson, 134 U. S. 572, 589, 10 S. Ct. 631, 637, 33 L. Ed. 1038, 1046, the subject is thus discussed:

"The question of the execution of a power is very fully discussed by Mr. Justice Story in Blagge v. Miles [Fed. Cas. No. 1479], 1 Story, 426. The rule laid down in that case is that if the donee of the power intends to execute it, and the mode be in other respects unexceptionable, that intention, however manifested, whether directly or indirectly, positively, or by just implication, will make the execution valid and operative; that the intention to execute the power must be apparent and clear, so that the transaction is not fairly susceptible of any other interpretation, but, if it be doubtful, under all the circumstances, then that doubt will prevent it from being deemed an execution of the power; and that it is not necessary, however, that the intention to execute the power should appear by express terms or recitals in the instrument, but it is sufficient that it appears by words."

And in Warner v. Connecticut Mutual Life Insurance Co., 109 U. S. 357, 3 S. Ct. 221, 225, 27 L. Ed. 962, 966, it is declared of the authorities:

"The supreme court of Illinois in the case of Funk v. Eggleston, 92 Ill. 515 [34 Am. Rep. 136], had the question under consideration, and in a learned opinion, in which a large number of authorities, both English and American, is reviewed, discarded even the modified English rule of later date, and adopted that formulated by Mr. Justice Story in Blagge v. Miles [Fed. Cas. No. 1479], 1 Story, 427, as follows: 'The main point is to arrive at the intention and object of the donee of the power in the instrument of execution, and, that being once ascertained, effect is given to it accordingly. If the donee of the power intends to execute, and the mode be in other respects unexceptionable, that intention, however manifested, whether directly or indirectly, positively or by just implication, will make the execution valid and operative. I agree that the intention to execute the power must be apparent and clear, so that the transaction is not fairly susceptible of any other interpretation. If it be doubtful, under all the circumstances, then that doubt will prevent it from being deemed an execution of the power. All the authorities agree that it is not necessary that the intention to execute the power should appear by express terms or recitals in the instrument. It is sufficient that it should appear by words, acts, or deeds demonstrating the intention.'

"The rule as adopted by this court was tersely stated by Mr. Justice Strong in delivering its opinion in Blake v. Hawkins, 98 U. S. 315, 326 [25 L. Ed. 139–141], in this form: 'If the will contains no expressed intent to exert the power, yet if it may reasonably be gathered from the gifts and directions made that their purpose and object were to execute it, the will must be regarded as an execution. After all, an appointment under a power is an intent to appoint carried out, and if made by will the intent and its execution are to be sought for through the whole instrument.'

"In the case of Munson v. Berdan, 35 N. J. Eq. 376, it is said: 'It is sufficient if the act shows that the donee had in view the subject of the power.'

"And in White v. Hicks, 33 N. Y. 383, 392, Denio, C. J., said: 'This doctrine proceeds upon the argument that by doing a thing which, independently of the power, would be nugatory, she (the donee of the power) conclusively evinced her intention to execute the power.' "

 The foregoing is a sufficient adversion to the general authorities. In our court the recent case of Burton v. Jones, 212 Ala. 353, 102 So. 807, collected the authorities to the effect that the power may be executed without reciting or referring to the power, provided it is exercised under the circumstances and in the manner provided or contemplated in the will; and that the exercise of the power will be interfered with "only for fraud or manifest abuse of discretion." 24 C. J. 162. It is further established that where one has an estate in and a power over property, his equivocal acts will be prima facie, or presumed as the owner, but may be referred to the power in a proper case to give them full effect; that courts of equity will aid the defective execution of powers, but not the nonexecution of them. Mitchell v. Denson, 29 Ala. 327, 65 Am. Dec. 403; Hammett v. Markham, 128 Miss. 39, 90 So. 848; Sugden on Powers, 392; 1 Story Eq. Jur. 194, § 171.

 The insistence on this appeal would somewhat tend to limit the rules that obtain as to (1) the intention of testamentary disposition, where there is ambiguity that may be aided by other proof, as affecting the delegation of the testamentary power of appointment; and (2) the intention and act of the exercise or execution of such testamentary power. The proof of these respective and different intents is not subject, in all respects, to the same rules of evidence. 2 Story's Eq. Juris. § 1062; 7 Mayfield's Dig. 961; Doe ex dem. Gosson v. Ladd, 77 Ala. 223, 234; Matthews v. McDade, 72 Ala. 387; Gindrat v. Montgomery Gas-Light Co.; and Gulf Red Cedar Lumber Co. v. O'Neal, supra. The intent in the case of execution of the delegated power is sufficiently shown, if it is made to appear by the act, words, deed, conveyance or testamentary instrument, or if such intent is shown by the several acts, instruments, and declarations when considered together, and having the effect of "clearly demonstrating that intention" to appoint, execute, or exercise the required and provided judgment and power. This subject was covered by Mr. Justice Somerville in Matthews v. McDade, 72 Ala. 377, 387, where it was declared that: (1) "It must be apparent that the transaction in question is not fairly or reasonably susceptible of any other interpretation, than as indicating an intention to execute the power;" and (2) that "this intention is to be collected from all the circumstances." This statement was approved in Gindrat v. Montgomery Gas-Light Co., 82 Ala. 596, 602, 2 So. 327, 60 Am. Rep. 769.

 The law leans against a construction of an instrument which would render ineffectual the "attempted execution of a power contained in" such instrument. Campbell v. Woodstock Iron Co., 83 Ala. 351, 359, 3 So. 369; Young v. Sheldon, Adm'r, supra. And Judge Story's epitome of the matter in hand is given expression in Crane v. Morris, 6 Pet. 598, 620, 8 L. Ed. 514, as sufficient (1) if the power exists, (2) and is intended to be executed, and (3) that the "intent is matter in pais, to be collected from all the circumstances of the case." See, also, 4 Kent's Com. 334; Lane v. Lane, 4 Pennewill (Del.) 368, 55 A. 184, 64 L. R. A. 849, 103 Am. St. Rep. 122; Greenway v. White, 196 Ky. 745, 246 S. W. 137, 32 A. L. R. 1395. And it may be further necessary to remark that it is declared in this state that a conveyance under power is good to the extent of the power, "only so far as the same is embraced by the power." Code 1923, § 6933, et seq.; Braley v. Spragins, 221 Ala. 150, 128 So. 149. Such are our decisions and statutes having application.

The will of Mattie B. Rice (who departed this life August 16, 1912) was of date of January 5, 1909, and duly probated September 16, 1912; she was the second wife of Mr. S. D. Rice. The latter's will is of date of October 12, 1912 (he died November 4, 1923), and was probated November 23, 1925, after the adoption of the present Code on July 17, 1924. The statute therein provided that wills, to be effective, were required to be "filed for probate within five years from the date of the death of the testator." Code, § 10608. The bill avers that after the execution of the will by Mr. Rice (in 1912), if he had acted under the power, he revoked the same by making a deed to said property (it is exhibited and of date of December 27, 1917) to his third wife, Georgia D. Rice. It contained the following provision:

"This deed of conveyance is made, if Georgia D. Rice dies before I do this property will revert to me, and if I die before she

my wife, Georgia D. Rice, it shall be in full force. I am to have all privileges from said property so long as I live.

"Together with the appurtenances thereunto belonging.

"To·have and to hold to the party of the second part,—heirs and assigns in fee simple forever. And the party of the first part hereby agrees to warrant and defend the title to the lands herein conveyed against the claims of all persons whomsoever."

In the case of Hatcher v. Rice, 213 Ala. 676, 105 So. 881, the position was taken that Mr. Rice owned the fee, had the right to convey the full title and did so convey the fee as his own property, and this view was defeated by the decision (of date of October 15, November 12, 1925) declaring that only a life estate was conveyed by Mr. Rice to said third wife.

The ultimate question of fact then presented was whether, under the deed of W. E. Harrison in 1902, the land was conveyed to Mr. Rice or to his second wife, Mrs. Mattie B. Rice, the testatrix in the will partly set out above, and was so disposed of by her.

Under the terms of the will of the second Mrs. Rice, the power of appointment may have been exercised and accomplished by deed or will. If by the deed, and there was a due exercise and execution of the power and effective delivery of the conveyance under the law, the same could not be revoked—after the due and full exercise of power. Such is the law of conveyances. Powell v. Pearson, 220 Ala. 247, 125 So. 39; Young v. Sheldon. Adm'r, 139 Ala. 444, 36 So. 27, 101 Am. St. Rep. 44; Doe ex dem. Gosson v. Ladd, 77 Ala. 223, 234. If a power be exercised by will, it may be defeated and rendered nugatory by a subsequent valid conveyance to the contrary. The latter act is but evidentiary and to be considered in an ascertainment of the intent vel non of the execution of the power here being considered. We have no question of statutory revocation of wills presented; it is that of the intention with which Mr. Rice dealt with this property for the time covered by the evidence. He had the right of exercise of judgment in the premises, and that of the final execution of power or failure thereof until his death in 1925. If he had acted under the power in making his will, using the expression as to the storehouse and the stock of goods as "my," a contrary intention was thereafter evidenced by his absolute conveyance of the property to his third wife as his own. This action was in direct antagonism to the execution of the power under the second wife's will. It was in hostility to such former action.

The evidence admissible to the end in question is not confined to the circumstances surrounding that testator at the time of execution of his will on October 12, 1912, but was properly extended to the execution of the deed to his last wife in 1917.

The whole course of conduct shown by the record of Mr. Rice, in his dealing with this property from its purchase from Harrison in 1902 to his death in 1923, before the Supreme Court's decision of date of October 25, 1925, declaring in him a life estate rather than the fee, was consistent with that of owner of the fee, and, taken as a whole, his acts and conduct were inconsistent with the execution of the power or the intent to so execute. His acts and conduct in dealing with this property, in respects we have indicated, support the view that the will of Mr. Rice using the expressions "my storehouse" and "my hardware stock" was that of absolute ownership, and refutes the view that, however and whenever he acted, it was his intent to act under the second wife's will. It all shows that Mr. Rice all the while treated the property as his own and did not intend to act under and execute the power contained in the second wife's will.

The conclusion reached by the trial court and embodied in the final decree rendered was without error and is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE, BOULDIN, BROWN, and FOSTER, JJ., concur.

GARDNER, J., dissents.

### On Rehearing.

BROWN, J. (concurring).

It is but a matter of common sense that if Septimus Decimus Rice entertained the belief that by the first clause of the will of Mattie B. Rice, to wit: "First, I give my husband, Septimus Decimus Rice, my storehouse on Court Street, or any other property that I may own at the time of my death, with all money I may have," he acquired the title in fee to the storehouse property, and acted on this belief, intending to pass such title to his son, Pryor O. Rice, by his will made in 1912, in disposition of his own property, and not in the exercise of the power of appointment conferred by the will of Mattie B. Rice, then he failed to exercise such power, and the property passed and vested in the nieces of Mattie B. Rice, named in her will.

Viewing his conduct and dealings with the property, as shown by the evidence, the conclusion is inescapable that such was the belief and purpose of said Septimus Decimus Rice, and that in making his will he was not attempting or intending to exercise the power of appointment.

The decree of the circuit court is in accord with this view.

ANDERSON, C. J., and THOMAS, BOULDIN, and FOSTER, JJ., concur.