SHORES, Justice.
The appellants, daughters of Francis H. Inge, deceased, brought this action seeking a declaration that the exercise of a power of appointment by the widow of Francis H. Inge was invalid.
The trial court upheld the exercise of the power of appointment of Mrs. Inge and the daughters appealed. The appellees are the executor of Francis Inge’s estate and the charities made beneficiaries under the will of Mrs. Inge.
Francis Inge died in 1959. He left a last will and testament dated July 8, 1957, which was duly admitted to probate. By the provisions of his will, Mr. Inge set up a marital trust and a family support trust. Under ARTICLE FIVE of the'will, he left one-half of his estate in a marital trust, the net income to be paid to his wife during her lifetime. Mrs. Inge was also given:
“. . . full and complete power of appointment or disposition of the principal of said trust, free of such trust, exercisable by her alone, and in all events, by and through her last will and testament or by and through any appropriate instrument which she may execute during her lifetime. In the event my said wife exercises such power of appointment, by and through her last will and testament, my trustees shall, upon her death, deliver, dispose of and distribute such principal, free from this trust, in all things and in all respects in accordance with and pursuant to the provisions of her said will, and to or for the benefit of such person or persons, or corporation or corporations, or her estate, and in such amount or amounts, and in such manner and at such time or times, as she may by her said last will and testament direct . . .”
The will also provided that, in the event Mrs. Inge failed to exercise the power of appointment, the property would go to the beneficiaries under the family support trust, the testator’s daughters. By ARTICLE SIX of the will, Mr. Inge left the remaining one-half of his estate to his wife, in trust, by the terms of which she was to receive the income for life; but, upon her death, the beneficiaries would be his daugh *1372 ters, each of whom would take her respective share upon reaching the age of twenty-one.
Mrs. Inge executed her last will and testament on May 2, 1973. Under ITEM EIGHT thereof, she exercised the power of appointment provided for in the will of her husband. This will was admitted to probate without contest. The appellants did not then, nor do they now, contend that Mrs. Inge lacked testamentary capacity at the time of the execution of the will. After this will was executed, Mrs. Inge was adjudged on December 16, 1974, to be of unsound mind. She died in March, 1975. Upon the death of Mrs. Inge, the appellants became the absolute owners of the corpus of the family support trust set up in the will of Francis Inge. It is their contention that they are also entitled to the corpus of the marital trust because Mrs. Inge lacked mental capacity to exercise the power of appointment at' the time of her death.
The argument advanced by the appellants is that Mrs. Inge never disposed of the appointive property while she was alive, and inasmuch as it was disposed of by will, it was disposed of “. . .if at all, only by the coming into effect of appointive language in her last will at her death. Because Mrs. Inge was of unsound mind at the time of her death, they argue that she did not have the capacity at that time to make a valid appointment; hence, the appointive provisions of her will are invalid.
The appellants concede, as they must, that the capacity to make a will is tested at the time of the execution of the will, and that a valid will is unaffected by the testator’s subsequent insanity. Burke v. Thomas, 282 Ala. 412, 211 So.2d 903 (1968); Price v. Marshall, 255 Ala. 447, 52 So.2d 149 (1951). However, they argue that this rule is inapplicable, saying that: “It makes no difference that the purported appointment is contained in a will made prior to insanity, for a power of appointment is a personal privilege of the donee of the power, not a species of property; hence, the rule that an insane person can dispose of his own property by a will made before insanity is inapplicable.”
We cannot agree with this argument. In the first instance, we cannot agree that a general power of appointment is a mere personal privilege of the donee of the power. To the contrary, most authorities take the position that:
“A life beneficiary of a trust having a power to appoint the remainder to any one, including the power to appoint to his own estate, is in substantially the same position as if he were the owner of the trust property, and the appointment of the remainder by him by deed or will is treated in much the same manner as a transfer inter vivos or at death by a person having title to the property.” Bo-gert, Trusts and Estate, § 273.35 at 405. See also: American Law of Property, § 23.48, p. 590 (Casner ed. 1952); American Law Institute, Restatement of the Law of Property, § 356, Comment B.
Certainly the Internal Revenue Service treats such powers of appointment as property in the estate of the holder of the power. Internal Revenue Code of 1954, § 2041. The power is taxable as an asset of the donee’s estate regardless of whether the holder has received technical legal title. Jenkins v. United States, 428 F.2d 538 (5th Cir. 1970).
Moreover, even if a power of appointment is something less than absolute ownership, why should the time for testing one’s capacity to exercise it be different than the rule which applies to the disposition of one’s property? In the instant case, Mrs. Inge had the power to dispose of the marital property in any manner that she saw fit. She did so by will. Of course, like any other disposition made by will, it could have been defeated and rendered nugatory by any subsequent valid conveyance to the contrary. Rice v. Park, 223 Ala. 317, 135 So. 472 (1931). Subsequent to the execution of her will, Mrs. Inge did not make any other disposition of the marital property. We can perceive no reason why the validity of the disposition of that property by exercising the general power of appointment *1373 which she held over it should be treated any differently than the validity of the disposition of other property by the will. Mrs. Inge’s having been declared incompetent subsequent to the execution of her last will has no effect on the validity of the disposition of property owned by her and disposed of by will, because the relevant time of inquiry is the date of the execution of the will. She admittedly was of sound mind at that time.
The appellants admit that they have found no authority from any jurisdiction which supports the position they take. Although we have found none directly opposed to the position they espouse, we do note that American Law Institute, Restatement of the Law of Property, § 345(1), contains the following:
“The donee of a power has capacity to make an effective appointment and an effective release, if he has capacity, with reference to similar property owned by him, to make a transfer which is not subject to disaffirmance by reason of infancy or insanity.”
Mrs. Inge clearly had capacity to make a transfer by will of property owned by her. We now hold that the time for testing her capacity to exercise the power of appointment held by her is to be determined at the time of the execution of that power, in the instant case, at the time of the execution of the will.
The judgment appealed from is affirmed.
AFFIRMED.
TORBERT, C. J., and MADDOX, JONES and BEATTY, JJ., concur.