ROBERTSON, Justice:
The appellants, Mrs. Corinne Wiggins Casanova, Burch Williams, and others, brought suit against Mrs. Mary Gooch and others in the Chancery Court of the Second Judicial District of Bolivar County, Mississippi, to correct an ambiguity in a final decree of partition, and to declare the appellants the owners of the North 130 feet of Lot 11 of Block 3 of the Original Town of Cleveland, Mississippi. After a full trial, the chancellor dismissed the *598 original and amended bills of complaint, and the appellants appeal from that decision.
This Court held in Williams v. Gooch, 208 Miss. 223, 44 So.2d 57 (1950), that O. P. Gooch inherited from Corinne Smith Gooch, his deceased wife, 50 per cent of her real estate in fee simple, and a life estate in the other 50 per cent with remainder in Corinne Smith Wiggins (now Casanova) and Burch Williams.
Promptly thereafter, O. P. Gooch filed a bill for partition of the entire real estate left by his deceased wife, Corinne S. Gooch. Gooch prayed that all of the real estate of Corinne S. Gooch be divided into two equal parts, that one part be set aside to him in fee simple, and that he be declared to be the owner of a life estate in the other part with remainder over to Corinne Smith Wiggins and Burch Williams.
The interlocutory decree appointing three commissioners and directing them to divide the entire real estate of Corinne S. Gooch into two equal shares, described in detail the extensive holdings to be partited, including the following:
“(a) the north 130 feet of Lot Eleven (11) of Block Three (3) on which is located a warehouse constructed of corrugated iron and a double garage constructed of lumber. * * * ”
The interlocutory decree directed the commissioners to
“go upon and view said real estate and either with or without the aid of a Surveyor as they may deem necessary, divide said real estate into two parts or shares, such parts or shares to be of equal value”
and assign one part to O. P. Gooch in fee simple and the other part to O. P. Gooch for life with the remainder estate to be owned by Corinne Smith Wiggins and Burch Williams as equal joint tenants with the right of survivorship.
The commissioners employed W. M. Thomas, a civil engineer, to survey the property, furnishing him a list of the many properties to be surveyed and partited, which list included the North 130 feet of Lot 11 of Block 3. Thomas made the survey and returned the list and a plat of the survey to the commissioners. The commissioners then gave the surveyor a list designating which parcels were to be allocated to Share Number 1 and Share Number 2. On June 23, 1950, the surveyor filed in the partition proceeding a Surveyor’s Certificate of Partition of Real Estate, in which the surveyor stated, among other things, the following:
“The undersigned when making the survey of said real estate determined that the warehouse constructed of corrugated iron and the double garage described in subdivision (a) aforesaid was not located on the north 130 feet of Lot 11 of Block 3 of said Original Town of Cleveland, Mississippi, but was located on portions of Lots 12, 13 and 14 of said Block 3 of the Original Town of Cleveland, Mississippi, and that said portions of Lots 12, 13 and 14 of said Block 3 on which said warehouse and double garage are located are included in other descriptions of said real estate subject to partition mentioned aforesaid and that said portions of Lot 11 of Block 3 ought to be eliminated from said survey.”
The surveyor’s certificate went on to state:
“The undersigned further certifies that he and said chain-bearers at the request and under the directions and in the presence of said Commissioners divided said entire described real estate into two parts or shares, and numbered them One and Two respectively. * * * ”
The surveyor’s certificate further stated:
“The undersigned W. M. Thomas further states that said entire tract as well as the division thereof into two parts or *599 shares is represented by a plat of survey made by him from said survey of said real estate and which plat has been signed by him which plat is a true and correct plat, and has been delivered to the Commissioners appointed to make said partition to be exhibited to the Court with their Report.”
The Report of Commissioners Making Partition was filed on the same day as the surveyor’s certificate. The Report contained a description of the North 130 feet of Lot 11 of Block 3 as being a part of the property to be partited, and contained also an exact rescript of the surveyor’s statement with reference to the warehouse and double garage not being on the North 130 feet of Lot 11, but being on portions of Lots 12, 13 and 14 of Block 3.
The Report goes on to say that the commissioners had divided and partited the said real estate into two parts or shares approximately equal in value. The Report then assigned Share Number 1 to O. P. Gooch in fee simple and Share Number 2 to O. P. Gooch for life with remainder to Corinne Smith Wiggins and Burch Williams.
The Report further stated:
“Your Commissioners caused a plat of said real estate to be made by said W. M. Thomas, Civil Engineer and Surveyor, with true field notes, specifying the courses, distances and boundary lines of said real estate and of the lines of the buildings located thereon, where there are buildings thereon, and of the several parts or shares thereof, which plat is attached hereto as Exhibit ‘A’ and is made a part of this Report as fully and completely as if copied herein in words and figures.”
The Final Decree Approving Partition of Real Estate, rendered on July 1, 1950, ordered, adjudged, and decreed:
“1. That the real estate which the Court directed by said decree [of May 27, 1950] to be divided is described as situated in the City of Cleveland in the Second Judicial District, Bolivar County, Mississippi, to-wit:
* * * * * * '
“(a) The north 130 feet of Lot Eleven (11) of Block Three (3) on which is located a warehouse constructed of corrugated iron and a double garage constructed of lumber;
* * * * * *
“4. That said Commissioners caused said Engineer and Surveyor and Chain-bearers in the presence of said Commissioners to survey said real estate to be divided and they found from said survey that the warehouse constructed of corrugated iron and the double garage constructed of wood described in subdivision (a) of page 1 of this decree was not located on the north 130 feet of Lot 11 of Block 3 of said Original Town of Cleveland, Mississippi, but that said warehouse and double garage are located on portions of Lots 12, 13 and 14 of said Block 3 of the Original Town of Cleveland, Mississippi, and that said portions of Lots 12, 13 and 14 of said Block 3 on which said warehouse and double garage are located are included in other descriptions of said real estate to be divided under said decree dated May 27, 1950, aforesaid, and that said portions of Lot 11 of Block 3 ought to be eliminated from said survey and said partition proceedings, all of which appears in the Report of said Commissioners, and the Court having duly considered the matter of the elimination of said portions of said Lot 11 of Block 3 of the Original Town of Cleveland, Mississippi, from said survey and said partition proceedings doth according further order, adjudge and decree that said portions of Lot 11 of Block 3 of said Original Town of Cleveland, Mississippi, are hereby eliminated from said survey and from said partition proceeding; * * * ”
*600 Later on in the Final Decree of Partition the court undertook to describe in detail the many parcels of real estate assigned to Share Number 1 and Share Number 2. The North 130 feet of Lot 11 of Block 3 was not included in the description of either share.
The Final Decree, in Paragraph 7 thereof, says:
“That said W. M. Thomas, Civil Engineer and Surveyor, has filed herein his duly verified certificate in which said Chain-bearers have joined him, showing their acts and doings in making said survey and the division of said real estate and said Commissioners caused said Civil Engineer and Surveyor to prepare a plat of said real estate showing in detail the said survey and division of same and aforesaid, which plat has been filed with said Commissioner’s Report as Exhibit ‘A’ thereto and which certificate and plat the Court has duly examined and considered and doth hereby in all things ratify, confirm and approve. * * * >t
In the Final Decree, the court further said:
“11. That the Clerk of this Court is hereby directed to cause to be made a copy of said plat of said real estate prepared by said W. M. Thomas, Civil Engineer and Surveyor, and certify to the correctness of same and file said plat in the Book of County Plats of said County in her said office at Cleveland so that reference to the division of said real estate shall be shown by said Book of County Plats; and,
“12. That the said Clerk of this Court is further directed to record this decree as a deed in the record of conveyances of real estate in her said office in Cleveland and abstract and index the same as required by law for deeds so filed for record in her said office; * * * ”
The ambiguity that exists in this Final Decree of Partition, and also in the Surveyor’s Certificate and Report of Commissioners, is that while the North 130 feet of Lot 11 of Block 3 of the Town of Cleveland on which is located a warehouse constructed of corrugated iron and a double garage constructed of lumber is described in each of these instruments as a part of the lands to be partited, each of these instruments further states that the said warehouse and double garage were found not to be on the North 130 feet of Lot 11 but on portions of Lots 12, 13 and 14, and that those portions of Lot 11 should be eliminated from the partition proceeding.
Further, in each of these instruments there was included a detailed description of the many parcels assigned to Share 1 and Share 2, but the North 130 feet of Lot 11 was omitted from both shares. On the plat of survey, which was part and parcel of the Surveyor’s Certificate, and the Report of Commissioners, and the Final Decree, the North 130 feet of Lot 11 of Block 3 was definitely and clearly shown in Share 2 of the partition. In fact, the surveyor, on the plat of survey, not only puts the encircled “2” on both the North 130 feet of Lot 11 and that portion of Lots 12, 13 and 14 on which is situated the warehouse and double garage, but also puts the familiar symbol of joinder, resembling a dogleg, dear to the heart of all surveyors, on the line between Lot 11 and Lots 12, 13 and 14.
These inconsistencies and ambiguities were not discovered until 1966, when attorneys for the appellants were examining the title to the North 130 feet of Lot 11 preparatory to the construction of a building thereon.
O. P. Gooch had managed and controlled all real property of the Corinne S. Gooch estate up until the time of his death in 1962. He owned a fee simple title to one half and a life estate in the other half. Surely it was his understanding that the North 130 feet of Lot 11 had been included in the partition and assigned to Share 2, because otherwise it would be unpartited and he would be under a duty to exercise *601 joint control over it with the appellants as tenants in common. After his death, the appellants, the remaindermen of Share 2, took possession of and exercised control over parcels of real estate in Share 2, including the North 130 feet of Lot 11.
The taxes for 1962 on the North 130 feet of Lot 11 were prorated between the Estate of O. P. Gooch and the appellants. The taxes for 1963 and all subsequent years were paid by the appellants. No offer to pay these taxes or any portion thereof was made during this period by Appellee Mary Gooch, the second wife of O. P. Gooch.
The only surviving commissioner, J. W. Hayles, and the surveyor, W. M. Thomas, testified that they had actually assigned the North 130 feet of Lot 11 to Share 2 and had so indicated on their plat of survey. There was no evidence offered to the contrary.
After carefully examining and considering all the documentary evidence and the testimony of the surveyor and the sole surviving commissioner, we feel that the appellants proved by clear and convincing evidence that it was the intent of the court to include the North 130 feet of Lot 11 of Block 3 in Share Number 2 of the partition and that the court did so include said parcel by adopting the plat of survey as a part of the Final Decree. Upon O. P. Gooch’s death, the appellants, Mrs. Corinne Wiggins Casanova and Burch Williams, and joint trustees, Marjorie M. Williams and Jerred G. Blanchard, became the owners of the fee simple title to the North 130 feet of said Lot 11 of said Block 3 as their interests may appear.
The judgment of the lower court is therefore reversed and judgment rendered here for the appellants.
Reversed and judgment rendered here for appellants.
ETHRIDGE, C. J., and RODGERS, PATTERSON and SMITH, JJ., concur.